MOORE & FALK v. THE FREEMAN'S NATIONAL BANK et als.

## *Agent—Process.*

1. An attorney for a foreign corporation, who has claims to collect for them in this State, is not a local agent upon whom process can be served.

2. A local agent of a foreign corporation, upon whom process can be served so as to bring the corporation into court, means an agent residing either permanently or temporarily in this State for the purpose of his agency, and does not include a mere transient agent.

(*Cunningham* v. *The Southern Express Company*, 67 N. C., 425, cited and approved.)

CIVIL ACTION, heard before *Shipp, Judge,* at Fall Term, 1884, of BUNCOMBE Superior Court.

The facts fully appear in the opinion.

The defendant Bank appealed.

*Mr. J. H. Merrimon* for the plaintiffs.

*Messrs. Theo. F. Davidson* and *McLoud & Moore* for the defendants.

ASHE, J. This was a civil action brought by the plaintiffs against the defendant, a foreign corporation. The summons was returnable to the February Term, 1884, of Buncombe Superior Court, before Shipp, Judge. The defendant Nesbitt answered the complaint, and the counsel of the defendant corporation entered a special appearance to deny that the summons had been legally served upon it. The court after hearing the affidavits hereafter set forth, adjudged that Frank R. Nesbitt, upon whom the process had been served, was such an agent as a service may be made upon, and that the defendant bank might have until the next term to answer.

The affidavits upon which the court founded its adjudications were as follows:

George P. Tenney, being duly sworn, says: "That he is the cashier of the Freeman's National Bank, and was such at the times hereafter referred to. That he knows, of his own knowledge, that Frank G. Nesbitt is not now, nor was he ever at any time, the agent of the said Freeman's National Bank, to receive or collect any moneys for said bank in the State of North Carolina or elsewhere.

"That some time during the month of April, the defendant bank having certain bills of exchange, drawn by one Geo. T. Comins, directed to J. J. Hill & Co., Asheville, N. C., which had been duly accepted by J. J. Hill & Co., some of which had been protested and remained unpaid, the said bank employed the firm of Farensworth & Conant, attorneys and counsellors at law, of which firm the said Frank G. Nesbitt is a member, to sue upon the same. That at the instance of the bank, the said Farensworth & Conant sent the said Frank G. Nesbitt to Asheville, N. C., to assist the firm of McLoud & Moore in the suit against J. J. Hill & Co., and if necessary, and thought best by McLoud & Moore, to make affidavit, upon which to obtain an attachment against the property of J. J. Hill & Co. That the only relations existing between the said bank and the said Frank G. Nesbitt, is that of attorney and client, as above mentioned,

and this was the only relation existing at that time.   That so far as the matter of the litigation against J. J. Hill & Co. was concerned, the only duty of the said Nesbitt was to render any legal aid he could to Messrs. McLoud & Moore, and, in case it should be thought advisable, to make the affidavit as aforesaid. That only the firm of McLoud & Moore were to receive the money from J. J. Hill & Co., if collected, and the duties of the said Nesbitt were as above stated only."

Frank G. Nesbitt, being first duly sworn, deposes and says : "That he is a member of the firm of Farensworth & Conant, attorneys and counsellors at law.   Some time during the month of March, 1884, the said firm received for collection, by suit, several bills of exchange from the Freeman's National Bank, which amounted in the aggregate to several thousand dollars. The said drafts or bills of exchange were drawn by one Geo. T. Comins, directed to J. J. Hill & Co., Asheville, and made payable to the order of said Freeman's National Bank.   The defendant Frank G. Nesbitt, representing his said firm, at the instance of said Freeman's National Bank, came from Boston, Mass., to Asheville, N. C., the place of business of the said J. J. Hill & Co., for the purpose of instituting suit upon said drafts, or those of them which were due, against the said J. J. Hill & Co.   That after his arrival at Asheville, N. C., he, in his firm's name of Farensworth & Conant, in conjunction with McLoud & Moore, attorneys and counsellors at law, who had been employed to assist affiant's firm in the prosecution of said suit, brought suit in the Superior Court of Buncombe county, for his client, the Freeman's National Bank, against said J. J. Hill & Co. upon said bills of exchange.   And the affiant having been, by said Freeman's National Bank, authorized to make an affidavit in the said case, in the event their attorneys, McLoud & Moore and affiant, should think best, for the purpose of obtaining an attachment against the property of the said J. J. Hill & Co., affiant did make an affidavit in said case for the purpose of getting such attachment.   The affiant swears that he is not in any

way connected with said Freeman's National Bank, nor was he at any time during his stay in North Carolina, nor at any other time, except by the relations of attorney and client, the agent to receive or collect any moneys within the State of North Carolina, for or on behalf of the Freeman's National Bank. Affiant further swears that he was not at any time authorized to accept service of any process for or on behalf of said bank, and that his only duties or relations with the same were such as arose out of the employment of his firm as aforesaid."

The affidavit upon which the attachment issued was as follows:

"Frank G. Nesbitt, being first duly sworn, says:

"1. That he is the agent and attorney of the plaintiff, and makes this affidavit in its behalf;

"2. That the defendant is indebted to the plaintiff in the sum of $802.50, as is evidenced by two drafts, both bearing date July 30, 1883, each amounting to $400, and due at five and six months after date. Both of said drafts were drawn by one George T. Comins, in favor of Edward S. Haywood, cashier of plaintiff bank, on J. J. Hill & Co., which firm was alone composed of the defendant, as affiant is informed and believes, and were duly accepted by the defendant as J. J. Hill & Co. One of the said drafts was permitted to go to protest by the defendants, and the plaintiff was required to pay the costs thereof, to-wit, $2.50. Both of said drafts have been duly presented to the defendants and payment thereof demanded of them, but they have neglected, and still neglect and refuse, to pay the same.

"Copies of said drafts, with the endorsements thereon, are in words and figures as follows:

"$400.                                                 No. ......

"Geo. T. Comins, manufacturer of bedsteads, Boston, Mass.

"Six months after date, July 30, 1883, pay to the order of Edward S. Haywood, cashier, four hundred dollars.

                    "(Signed)                GEO. T. COMINS.

"To J. J. HILL & Co., Asheville, N. C.

               "[Accepted.   J. J. Hill & Co.]

"$400.                                                   No. ......

"Geo. T. Comins, manufacturer of bedsteads, Boston, Mass.

"Five months after date, July 30, 1883, pay to the order of Edward S. Haywood, cashier, four hundred dollars.

"(Signed)                    GEO. T. COMINS.

"To J. J. HILL & Co., Asheville, N. C.

"[Accepted.    J. J. Hill & Co]."

The foregoing is all of the affidavit of Frank G. Nesbitt, offered in evidence by the plaintiff, which is necessary to be stated in regard to the question presented by the appeal.

The only question presented by the record is, was Frank G. Nesbitt such an agent of the defendant, the Freeman's National Bank, as that process against the defendant might be served on him.

*The Code*, §217, provides that "The summons shall be served by delivering a copy thereof in the following cases:

"1. If the action be against a corporation, to the President or other head of the corporation, secretary, cashier, treasurer, director, manager or local agent thereof. *Provided*, that any person receiving or collecting moneys within this State for or on behalf of any corporation of this or any other State or government, shall be deemed a local agent for the purpose of this section."

The Court finds as a fact, upon the affidavits produced in evidence by both parties, that Frank G. Nesbitt was such an agent as is contemplated by the statute, upon whom service of the summons might be made. It therefore becomes necessary for us to look into the affidavits, to see if there was any evidence to support His Honor's conclusion.

One Terry, a witness for the defendant, testified that he is and was the cashier of the Freeman's National Bank at the time the transactions mentioned in the pleadings occurred, and that he knows of his own knowledge, that Frank G. Nesbitt was not then, nor was he ever at any time, the agent of the said Freeman's National Bank, to receive or collect any moneys for said bank in the State of North Carolina or elsewhere; that some time

in April, the defendant bank put certain bills of exchange, drawn by George T. Comins and accepted by J. J. Hill & Co., of Asheville, in the hands of Farensworth & Conant, attorneys and counsellors at law, of which firm Frank G. Nesbitt was a member, to sue upon the same. At the instance of the bank, Nesbitt was sent by his firm to Asheville, to aid McLoud & Moore, to render them any legal aid they might require, and, if necessary, to make the necessary affidavit for suing out an attachment, if it should be thought to be advisable; that the only relation existing at the time between the bank and Nesbitt was that of attorney and client. The firm of McLoud & Moore only, were to receive the money from Hill & Co., if collected.

The affidavit of F. G. Nesbitt substantially corroborates that of Terry. He stated that he was not in any way connected with the Freeman's National Bank, nor was he at any time during his stay in North Carolina, nor at any other time, except by the relation of attorney and client, the agent to receive or collect any moneys within the State of North Carolina, for or on behalf of the Freeman's National Bank.

To sum up the evidence offered by the defendant:

The Freeman's National Bank, a foreign corporation, put certain bills of exchange, accepted by a firm in Asheville, in the hands of Farensworth & Conant, of which firm Frank G. Nesbitt was a member.

This claim was sent, at the instance of the bank, by Farensworth & Conant, to Messrs. McLoud & Moore of Asheville for collection. The bank, apprehending some difficulty in the collection of the claim, induced the firm of Farensworth & Conant to send F. G. Nesbitt, one of the firm, to Asheville, in conjunction with Messrs. McLoud & Moore to prosecute their said claims, so that he, being familiar with the facts, might make the necessary affidavits for suing out an attachment or other process that might be thought advisable by Messrs. McLoud & Moore. That McLoud & Moore alone were authorized to *receive* and *collect* the amount of the bills.

To resist this testimony, the plaintiff offered the affidavit of Nesbitt, made by him in behalf of the bank, as a preliminary step for a warrant of attachment against the plaintiff, in which he stated that he was the *agent* and *attorney* of the bank. This we think did not constitute him such an agent as is contemplated by the statute. It was what any attorney who has a claim for collection for his client, who had a knowledge of the facts, might do. We cannot believe it was the intention of the Legislature to make any attorney who has a claim for collection in this State for a bank or other corporation outside the State, an agent for the service of process against such corporation. If so, all that a person having a cause of action against a foreign corporation who had no officer or managing agent in this State, would have to do to institute an action in the courts of this State against the corporation, would be to find some attorney who had a claim to collect for the corporation, and by serving the process upon him, bring the corporation to answer before the court. It is true the statute declares that any person *receiving* or *collecting* moneys within this State, for or on behalf of a corporation, shall be deemed a local agent; but to give the statute the construction contended for by the plaintiff would be "sticking in the bark." The term *local*, pertains to place, and a local agent to receive and collect money, *ex vi termini*, means an agent residing either permanently or temporarily for the purpose of his agency, and was not intended to embrace a mere transient agent.

The mischief chiefly intended to be provided against no doubt, was to give a remedy in our courts against corporations chartered in other States, who make contracts in this State, and appoint special agents or attorneys-in-fact to make collections. For before this statute was amended in The Code, when there was no officer or director of the corporation residing in the State, the process was authorized to be served upon a managing agent, and it was a difficult question often to ascertain whether the person served with process was a *managing agent*, and actions sometimes failed for want of due service of process in that respect.

In this case it was expressly stated in the affidavits produced by the defendant corporation, that McLoud & Moore were alone authorized to *receive the money*, if collected, and this fact was not contradicted by the plaintiffs, nor was he a managing agent. For that purpose the agent must be a general or superintending one. *Cunningham* v. *Southern Express Company*, 67 N. C., 425. But there was no evidence that Nesbitt was such an agent. That being so, there was no evidence before His Honor which warranted his conclusion and judgment, "that the defendant Frank G. Nesbitt was such an agent as was contemplated by the statute, upon whom service of the summons might be made."

There is error. Let this be certified to the Superior Court of Buncombe county that the action may be dismissed.

Error.                                          Reversed.