GROSS v. NICHOLS, SHEPARD & CO.

1. Original Notice: SERVICE ON AGENT OF FOREIGN CORPORATION: WHO IS AGENT. Although the time named in the contract of agency between the defendant, a foreign corporation, and the agent on whom the original notice in this case was served, had expired prior to the service of the notice, yet, as the agency still in fact continued to exist, *held* that the service was sufficient to bind the defendant, where the action was for a breach of warranty of a machine sold to plaintiff by the defendant through the agent on whom the notice was served. The statute (Code, § 2613) providing for such service is not limited in its application to domestic corporations.

*Appeal from Osceola Circuit Court.*

TUESDAY, JUNE 28.

THE appeal in this case is taken by the defendant from an order overruling a motion to set aside a judgment and default·

*C. M. Brooks*, for appellant.

*O. J. Clark*, for appellee.

ADAMS, CH. J.—The defendant is a corporation organized under the laws of Michigan. The original notice in the case was served upon one T. Anthony, upon the theory that he was the agent of the company located at Sibley, in the county where the action was brought. After default was taken, and judgment rendered thereon, the defendant filed a motion to set aside the judgment and default, upon the ground, as

alleged, that no notice had been served upon it. The defend-
ant contends that Anthony was not the agent of the company,
and, even if he were, that service on him would not bind the
company.

The fact appears to be that the defendant, in February,
1885, entered into a written contract with Anthony, whereby
it agreed that until November 1, 1885, it would furnish him
with threshing machines, horse-powers, engines, etc., to be
sold on commission.   The action was brought December 26,
1885, nearly two months after the expiration of the time
during which defendant was to furnish him the machinery.
But Anthony had still some property in his hands unsold,
which had been furnished him under the contract; and it
does not appear that he had been finally settled with or dis-
charged.   It appears to us that Anthony became the agent
of the company, and, though the time for furnishing machines
to him had expired, yet, as some of the property furnished
was still in his hands, the agency had not expired.

Taking him, then, to be still the agent of the company, we
come to the question as to whether service upon him was
service upon the company.   Section 2613 of the Code pro-
vides that, " when a corporation, company or individual has,
for the transaction of any business, an office or agency in any
county other than that in which the principal resides, serv-
ice may be made on any agent or clerk employed in such
office or agency, in all actions growing out of or connected
with the business of that office or agency."   This action was
brought to recover upon a breach of warranty of a machine
sold to plaintiff by the defendant through its agent, Anthony,
at Sibley.

The defendant contends, however, that the statute does not
apply to a foreign corporation, but to a corporation residing in
some other county of Iowa.   This, it is contended, is implied
from the words, " any county other than that in which the
principal resides."   But we do not think that the defendant's
position can be sustained.   There is nothing in the words

used to prevent us from construing the section as meaning that service upon the principal may be made by service upon the agent, when the principal resides elsewhere than in the county of the agency. The courts, we think, have invariably put this construction upon the section, and we see no good reason to think it is not correct.

AFFIRMED.