No. 2723. HESTER *v.* RASIN FERTILIZER COMPANY. November Term, 1890. This was an appeal from an order of Judge Izlar, setting aside the service of a summons. It was conceded that defendant was a foreign corporation, and it did not appear in the complaint or otherwise that the cause of action arose in this State. The service was made upon one D. L. Roberts, and the question was whether he was a "resident agent" of the defendant, as it was not pretended that he bore any other relation to defendant, such as would sustain the service under section 155 of the Code, as amended by act of 1887. 19 Stat., 835. The opinion of the court was delivered on January 6, 1891, by

MR. JUSTICE McIVER. * * * All of these grounds [of appeal], except the last, seem to raise only a question of fact, as to whether Roberts was the resident agent of the company ; and as this seems to be a case at law, we do not see by what authority we can undertake to review a mere matter of fact. But as the nature of the case is not fully set forth in the record, we have examined the affidavits upon which the Circuit Judge acted, and we cannot say that he committed any error in concluding that they were not sufficient to show that Roberts was the resident agent of the company.

The fourth ground is in these words: "That his honor erred in holding that the statute required that the service of the summons should be made upon resident agent in order to bring the

39—33

defendant company into court." In the first place, the record does not show that the Circuit Judge so held, and as there was no argument submitted in support of this ground, we are somewhat at a loss to conceive upon what it is based. From what does appear, we infer that in the absence of any evidence that Roberts bore any of the relations to the company mentioned in the statute, except that of resident agent, the Circuit Judge confined himself to that question, and having concluded that the evidence submitted was insufficient to show that he was resident agent, he granted the order appealed from ; and in this there was clearly no error. The statute having expressly provided that the service on a foreign corporation, which the defendant company was conceded to be, could be made by delivering a copy of the summons, to the president * * * or agent thereof, "*only* when it has property within this State, or the cause of action arose therein, or where such service shall be made in this State personally upon the president, * * * or any resident agent thereof," and there being no evidence that the defendant company had any property in this State, or the cause of action arose therein, it is plain that the only question was whether Roberts, who was personally served in this State, was the resident agent of the company.

The peculiar phraseology of the statute would seem to warrant the conclusion that a foreign corporation, which had property within this State, or when sued upon a cause of action arising therein, may be served by delivering a copy of the summons to the president, or other head of the corporation, * * * or any agent thereof anywhere ; but unless the foreign corporation has property within this State, or the cause of action arises therein, it can only be served by delivering within this State a copy of the summons to the president, * * * or any *resident* agent thereof.

Order affirmed. *Nicholls & Moore*, for appellant. *Duncan & Sanders*, contra.