86    31
114   354

NANCY M. VORHEIS v. THE PEOPLE'S MUTUAL BENEFIT
SOCIETY OF ELKHART, INDIANA.

*Foreign corporation—Service of process.*

The question in this case is whether there was any testimony
before the trial court tending to show that the person upon
whom the summons was served was the agent of the defend-
ant, that issue having been tendered by a plea in abatement.
And it is held that there was testimony tending to show that
at the time of such service the person upon whom it was
made was acting as defendant's agent in receiving pay for
assessments, and giving the receipts of the company therefor,
which receipts were not signed by her as agent, but were sent
to her by the defendant, and were delivered by her; and that
the weight and credence to be given to such testimony was
for the circuit judge.

Error to Kalamazoo. (Buck, J.) Argued April 21,
1891. Decided May 8, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*George H. Southworth,* for appellant.

*Osborn & Mills,* for plaintiff.

MORSE, J. The only question involved in this case
arises upon a plea of abatement.

The plaintiff is a resident of the county of Kalamazoo,
and the defendant is a non-resident co-operative insurance
organization, doing business in the city of Elkhart, in
the state of Indiana, and not authorized to do business
in the State of Michigan.

The plaintiff and Hattie E. Cook insured the life of their mother, Mary Kelley, an old lady 71 years of age, in the defendant company. The policy was issued July 10, 1888. Upon the death of Mary Kelley, proofs of death were made and forwarded to the defendant company, but payment of the policy was refused. Mrs. Cook assigned her interest in the policy to plaintiff, who thereupon commenced suit in the Kalamazoo circuit court by summons. The sheriff returned the summons as personally served,—

" By delivering same to Donna M. Eldred, one of the agents of said defendant at the city of Kalamazoo, in said county of Kalamazoo, by personally delivering to said Donna M. Eldred a true copy hereof, and exhibiting to her this original, under the seal of the court; she being the agent of said defendant, and doing its business as such at the city of Kalamazoo."

The defendant appeared specially by George H. Southworth, its attorney, and moved to set aside the service on the ground that said Donna M. Eldred was not the agent of the defendant. This motion was denied. After filing of declaration, defendant filed a plea of abatement, averring no proper service of writ of summons or declaration, on the ground that Donna M. Eldred was not the agent of the defendant company. Issue was joined on this plea, and hearing had thereon. Upon the testimony the court held that Donna M. Eldred was the duly-authorized agent of the company, and overruled the plea in abatement. Defendant comes to this Court upon bill of exceptions containing all the testimony taken upon such hearing, and alleging that there is no proof in the record tending to show that Donna M. Eldred was the agent of the defendant company.

We have carefully examined the testimony in the case,

and are satisfied that there was evidence tending to show that Donna M. Eldred was, at the time the service was made, acting as the agent of the defendant in receiving pay for assessments, and giving the receipts of the company for such payments. The receipts were not signed by her as agent, but they were sent to her by the company, and she delivered them. We do not care to discuss the details of the testimony, as the weight and credence to be given to the same was for the circuit judge. We are only concerned with the question whether there was any testimony upon which he was authorized to base his judgment. We think there was such testimony.

The judgment below overruling the plea in abatement is affirmed, with costs.

The other Justices concurred.