NINA R. SPARKS, Administratrix of the Estate of SAMUEL P. SPARKS, Deceased, Appellee, v. THE NATIONAL MASONIC ACCIDENT ASSOCIATION, Appellant.

Foreign Corporation: POWER OF STATE OVER. A state has the power to prescribe the methods by which corporations doing business within it, may be brought into court, and to designate the officer, or agent, either of the corporation, or of the state, upon whom proper process may be served.

SAME. Under revised statutes, Missouri, section 5915, providing that any person who receipts for money on account of any insurance company not authorized to do business in the state for a policy in such company, though the same may not be required of him as agent, or who makes any contract for such company, shall be deemed its agent, evidence that the general agent of a foreign insurance company solicited applications in Missouri, which were forwarded by him to the home office, where they were entered on the company's register, the applicants paying such agent a membership fee, and that another person in the company's pay afterwards collected assessments in Missouri from the applicants, sufficiently shows that the company was transacting business in that state, though it was provided in the applications that they should not be binding until approved by the secretary in Iowa.

SERVICE OF NOTICE UPON: *Presumptions.* Under the statute of Missouri, requiring foreign insurance companies desiring to do business

3 in that state, to first file with the superintendent of insurance, authority to accept service of process in their behalf, and providing that such service shall be binding upon them, a company so served, and which is shown to have transacted business in the state, cannot question the validity of the service, on the ground that it has not complied with the law, such compliance being conclusively presumed from the fact of doing business in the state.

**Pleading:** GENERAL DENIAL: *Issue upon.* The right of a foreign administratrix to sue in Iowa without having qualified there, is
1 not in issue where a general allegation of plaintiff's capacity is met by a general denial, merely, instead of an averment of the facts relied on to show her want of capacity, as provided by Code, section 2717.

GRANGER, J., took no part in this case.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

## SATURDAY, DECEMBER 12, 1896.

THIS is an action brought in Polk county Iowa, upon a judgment rendered in favor of the plaintiff in the circuit court of Johnson county, Missouri. The defendant, in its answer, admits that it is a corporation organized under the laws of the state of Iowa, and denies all other allegations of the petition. It alleges that it never appeared in the suit in the circuit court of the state of Missouri, in which the judgment was rendered, and denies that personal service of process was ever made upon it; avers that it never complied with the laws of the state of Missouri, which provide under what circumstances a foreign insurance company may do business in said state; that it never appeared in said action in the state of Missouri, and no one was authorized to receive service of process for it; avers that the alleged judgment was procured through fraud; avers that it was not transacting business in the state of Missouri. The case was tried to the court, which found the following facts: (1) That on October 9, 1893, a judgment was entered in the

circuit court of Johnson county, Missouri, in favor of plaintiff and against the defendant for six hundred and fifty-three dollars and fifteen cents, with interest and costs. (2) When said judgment was rendered, the defendant was a foreign corporation transacting business in the state of Missouri. (3) That at the time the policy of insurance was issued to Samuel P. Sparks, which was the basis of the action upon which said judgment was entered, the defendant was doing an insurance business in the state of Missouri through agents. (4) That said company was not incorporated by or organized under the laws of said state. (5) That defendant did not comply with the laws of the state of Missouri touching the appointment and authorization of the superintendent of the insurance department to acknowledge or receive service of process issued by the courts of that state. The court held that, as the defendant was transacting business in the state of Missouri by its agents, it was "conclusively estopped from attempting to show that it has failed to comply with the statutes of said state." Judgment was entered against the defendant and in favor of the plaintiff, from which this appeal is prosecuted.—*Affirmed.*

*Clark Varnum* for appellant.

*Cummins & Wright* for appellee.

Kinne, J.—I. Plaintiff alleges in her petition "that she is the duly appointed and qualified administratrix of the estate of Samuel P. Sparks, deceased." To this allegation defendant interposes a general denial, and insists that, as plaintiff is an administratrix of a deceased non-resident, and as it appears she was appointed in the state of Missouri, and as no fact is pleaded showing her

appointment in this state, she cannot prosecute this action. Defendant relies upon section 2368 of the Code, which provides: "If administration of the estate of a deceased non-resident has been granted in accordance with the laws of the state or county where he resided at the time of his death, the person to whom it has been committed may, upon his application, and upon qualifying himself in the same manner as is required of other executors, be appointed to administer upon the property of the deceased, in this state, unless another has been previously appointed." We are not required to determine whether, in a case like that at bar, the administratrix must be appointed and qualified in this state before she could sue upon the judgment rendered in the Missouri court, for such issue is not made in the pleadings. Under our statute (Code, section 2716), plaintiff was not required to state the facts showing her right to sue as administratrix. She need only aver, as she did, "generally or as a legal conclusion," her capacity. If the defendant intended to controvert such allegation, it should have pleaded the facts relied upon as showing her want of capacity to bring the suit in the courts of this state. Code, section 2717. This it did not do, but attempted to raise the question by a general denial. While, in a sense, this was a denial of the allegation, still it was not such a pleading as the law requires to put in issue the due appointment and qualification of plaintiff as administratrix. Hence, the allegation would be deemed admitted. *Mayes v. Turley*, 60 Iowa, 410 (14 N. W. Rep. 731).

II. The contention of appellant is that it did not transact an insurance business in the state of Missouri. Section 5915 of the statutes of the state of Missouri, which is in evidence in this case, provides that: "Any person or persons in this state who shall receipt for any money on account of or for any insurance company or association

not at the time authorized to do business in this state, or who shall receive or receipt for any money from other persons to be transmitted to any such insurance company or association, either in or out of this state, for a policy, or policies, of insurance issued by such company or association, or for any renewal thereof, although the same may not be required by him or of them as agents, or who shall make, or cause to be made, directly or indirectly, any contract of insurance for such company or association, shall be deemed, to all intents and purposes, an agent or agents of such company or association." The next section provides for the punishment of an agent acting in the absence of proper authority from the state, or for a company. not authorized under the law to transact insurance business in the state of Missouri. The evidence in this case shows that at about the time of the taking of the application of Samuel P. Sparks for his insurance, the defendant company took similar applications, and issued nearly one hundred policies, or certificates of membership to residents of the state of Missouri; that one R. L. Clarke, general agent of defendant, and one of its directors, solicited the application of various persons in the state of Missouri, who resided in the same town with Sparks, and received from each of them five dollars as a membership fee, and forwarded their applications to the home office in Des Moines, Iowa, and said office received the benefit of these membership fees. Thereafter, one Johnson, a resident of Missouri, at the instance of and by virtue of authority given him by the defendant, did, at the same place, collect the quarterly assessments from each certificate holder, and was paid by the defendant for said services. It also appears that the assistant secretary of the defendant company was in the state of Missouri, and solicited applications in the same way,

and that, as to applications taken by him, the business was conducted as heretofore stated. The defendant company claims that it never authorized these acts of its officers and agents, and knew nothing of them. In the light of the undisputed evidence, this claim appears, so far as knowledge of the agents' acts is concerned, to be entirely unfounded. The evidence shows that these agents forwarded the applications taken in the state of Missouri to the home office; that they were entered upon the defendant's register, and the initials of the agent, "R. L. C.," or "J. A. D," were also entered upon said register opposite the name of the members whose insurance was solicited by them. It appears therefrom that the defendant at all times knew that its officers and agents were soliciting business in the state of Missouri, and it does not appear that any objection was made thereto, or any such application refused, because it came from a state in which the defendant was not by law duly authorized to transact the business of insurance. The general agent of the company took the application of Sparks, and as such agent gave him a receipt for the amount paid. It is said that, as the application taken provided that the same should not be binding until approved by the secretary, therefore the contract was made in Iowa, and no business was transacted in the state of Missouri. In view of the statute above set forth, these officers and others in the state of Missouri were the agents of the defendant, and engaged in transacting the business of insurance. Whatever the rule might be as to the acts of defendant's agents in the state of Missouri constituting the doing of business therein, in the absence of the statutes of said state, there can be no doubt, under its laws, the defendant transacted business in that state. *Southern Ins. Co. of New Orleans v. Wolverton Hardware Co.* (Tex. Sup.) (19 S. W. Rep. 615); *Fred Miller Brewing Co. v. Council Bluffs Ins. Co.*, 95 Iowa, 31 (63

N. W. Rep. 566); *Fred Miller Brewing Co. v. Capital Ins. Co*, 63 N. W. Rep. 568*; 6 Thompson, Corp., section 7937.

III. Inasmuch as the defendant company was not incorporated in the state of Missouri, and as it had never made application to the state of Missouri for a permit to do business in that state, and had not appointed the insurance superintendent of the state of Missouri to receive service of process for it, and as no process was served upon the company or its agents, and it did not appear in the Missouri court, it is urged that the defendant was not legally served with notice of the suit, and that the judgment rendered therein is a nullity. The statutes of the state of Missouri touching this matter provide: "Any insurance company not incorporated by or organized under the laws of this state desiring to transact any business by any agent or agents in this state shall first file with the superintendent of the insurance department a written instrument or power of attorney, duly signed and sealed, appointing and authorizing said superintendent to acknowledge or receive service of process issued from any court of record, * * * and upon whom such process may be served for and in behalf of such company in all proceedings that may be instituted against such company in any court of this state, * * * and consenting that service of process upon said superintendent shall be taken and held to be as valid as if served upon the company, according to the laws of this or any other state. Service of process as aforesaid issued by any such court as aforesaid upon the superintendent, shall be valid and binding and be deemed personal service upon such company so long as it shall have policies or liabilities outstanding in this state." Rev. St. Mo., section 5912. In another

*Note.—This case was ordered not to be officially reported.—Reporter.

section it is provided that a foreign insurance company shall, before transacting business in the state, deposit a copy of its charter with the insurance department, and comply with many other conditions therein recited. Section 5891. It is also provided that no insurance company shall be permitted to do business in that state unless it "first fully comply with all the provisions of the laws of this state governing the business of insurance." Section 5911. It is also provided that agents acting for companies not conforming to the insurance laws of the state shall be deemed guilty of a misdemeanor, and fined. Section 5916. It is said in *Paul v. Virginia*, 8 Wallace, 168, that: "The corporation, being the mere creation of local law, can have no existence beyond the limits of the sovereignty where created. * * * The recognition of its existence, even, by other states, and the enforcement of its contracts made therein, depend purely upon the comity of those states,—a comity which is never extended when the existence of the corporation, or the exercise of its powers, are prejudicial to their interests, or repugnant to their policy. Having no absolute right of recognition in other states, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those states may think proper to impose. They may exclude the foreign corporation entirely, they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion." *Hooper v. People*, 15 Sup. Ct. Rep. 207; *Insurance Company v. Raymond* (Mich.) (38 N. W. Rep. 482). That it is within the power of the state to prescribe the method by which corporations doing business

within it may be brought into court, and to designate the officer or agent, either of the corporation or of the state, upon whom proper process may be served, is well settled. *Gross v. Nichols*, 72 Iowa, 239 (33 N.W. Rep. 653); *Childs v. Manufacturing Co.*, 104 N. Y. 477 (11 N. E. Rep. 50); *Vorheis v. Society*, 86 Mich. 31 (48 N. W. Rep. 1087); 2 Cook, Stock., Stockh. and Corp. Law, section 758, note; *Fred Miller Brewing Co. v. Council Bluffs Insurance Co.*, 95 Iowa, 31 (63 N. W. Rep. 568); 6 Thompson, Corp., sections 7886–7888, 8027; *Moulin v. Insurance Co.*, 24 N. J. Law, 233; *Colorado Iron Works v. Sierra Grande Min. Co.*, 15 Colo. 499 (25 Pac. Rep. 325); *Rothrock v. Insurance Co.* (Mass.) (37 N. E. Rep. 206). We think, that when a foreign insurance company is shown to have transacted business in a state wherein, by statute, certain acts are required to be done by such company, before it has the right to transact business therein, a conclusive presumption arises that the company has complied with the requirements of the law in that respect. Under such circumstances, the company ought not to be allowed to plead, and show its own violation of law, as a defense to an action brought upon the policy. To so permit, would be inviting it to take advantage of its own wrongful act, perpetrate a fraud upon those who may deal with it in good faith, and in proper reliance upon the fact that the company had conformed to the law which authorizes it to transact business. 2 May, Insurance, section 577; 6 Thompson, Corp., sections 7960–8027; 2 Morawetz, Priv. Corp., section 982; *Ehrman v. Insurance Co.*, 1 Fed. Rep. 471; *Railroad Co. v. Harris*, 12 Wallace, 81; *Diamond Plate Glass Co. v. Minneapolis Mut. Fire Ins. Co.*, 55 Fed. Rep. 27; *Berry v. Indemity Co.*, 46 Fed. Rep. 439; *Sparks v. Association*, 73 Fed. Rep. 277. In *Harris' Case*, in discussing the conditions which the foreign state might prescribe, it is said: "One of these conditions may be that it

shall consent to be sued therein. If it do business there, it may be presumed to have assented, and it will be bound accordingly." In *Ehrman's Case* it is said: "The receipt of the premium and the execution and delivery of the policy by the company are equivalent to an assertion by the company that it has complied with the requirements of the statute to entitle it to do business in the state, and, as between the assured and the company, the latter is estopped, upon the soundest principles of the law and morals, to say that it has not done so. That the stipulation was not, in fact, filed with the auditor, is of no consequence if the company has done those things which imposed upon it the obligation and duty to file it. The law deduces the agreement on the part of the company to answer in the courts of this state, on service made upon the auditor, from the fact of its doing business in the state; and the presumption, from that fact, of assent to service in the mode prescribed by the statute, is conclusive, and no averment or evidence to the contrary is admissible to defeat the jurisdiction. The reason of this rule is that the obligation to file the stipulation is impos. l for the protection of the citizens, and when, by its own act, its obligation to file the stipulation is perfect as between the company and citizen, the company will not be permitted to relieve itself from a liability which the written stipulation would have imposed, by pleading its own fraud on the law of the state and her citizens. In such cases the law conclusively presumes that to have been done which law and duty and the rights of the party contracting with the company required to be done." In the *Case of the Diamond Plate Glass Co.* the court says: "That the stipulation was not, in fact, filed with the auditor, is, therefore, of no consequence, if the company has done those things which imposed upon it the obligations and duty to file it.

\* \* \* In such cases the law conclusively presumes that to have been done which ought to have been done." In *Berry's Case* it is held that a failure to comply with the state laws did not affect the validity of the company's policies, or in any manner operate to the prejudice of its policy holder. "By the fact of doing business in the state it asserted a compliance with the laws of the state, and, after enjoying all the benefits of that business, and receiving the money of the assured, it will not be heard to say that it never submitted 'to the jurisdiction of the state.' It can reap no advantage from its own wrong. To sustain this defense would be giving judicial sanction to business methods much below the standard of common honesty." We are aware of the fact that some courts have held that service made upon a state officer under such circumstances as exist in this case does not confer jurisdiction. We are not prepared, however, to assent to the soundness of such holdings which induce fraud, and render the company violating the law secure in the possession of funds taken from the assured, for which he either has received no consideration, or, as to rights upon which he is compelled to seek redress in some other jurisdiction. There can be no valid reason why this company, which voluntarily entered the state of Missouri, and solicited and obtained business there, in defiance of the laws of that state, should be permitted to shield itself from liability in this action behind the very illegal act by means of which it was enabled to obtain the money of the deceased. To so hold would be equivalent to offering a premium for the continuance of such illegal practices. Having received all the benefits which would have resulted from a compliance with the laws of the state of Missouri, this company seeks to repudiate its obligation because in prosecuting its business it was a wrong-doer. Such a doctrine is abhorrent to our sense of right and justice,

and the law looks not with favor upon one who thus seeks to rob the assured, or those to whom the policy is payable, of the protection it should afford.  It is said that some of the cases cited above are not applicable, because there is no provision in the Missouri statutes for service on a foreign corporation which does business in that state without complying with its laws.  The contention is of no force.  The reasoning upon which the conclusion is based in those cases is quite as applicable when the facts are like those in the case at bar.

IV.  Errors are assigned upon rulings of the court touching the admission of evidence.  We need not discuss them, as the finding of facts and conclusion of law of the trial court are correct, regardless of the evidence claimed to have been improperly admitted. Discovering no error, the judgment below is AFFIRMED.

GRANGER, J., took no part in this case.