## JENKINS v. PENN BRIDGE CO.

1. APPEAL—SERVICE OF SUMMONS—FOREIGN CORPORATION.—Finding by Circuit Judge in law case that person upon whom service of summons was made is the agent of a foreign corporation, cannot be disturbed by this Court unless absolutely without evidence to support it. *Held,* that service upon a time-keeper of a foreign corporation doing a piece of construction work in this State is a good service on the foreign corporation. *Divided Court.*

Before MEMMINGER, J., Charleston, April, 1905. Affirmed.

Motion by defendant in case of Edward K. Jenkins against Penn Bridge Company to set aside service of summons. From refusal, defendant appeals.

*Messrs. James F. Duncan* and *Nath. B. Barnwell,* for appellant.

*Mr. Duncan* cites: 39 Mich., 469; 19 Ency. P. & P., 665, note, sec. 15; 54 Fed. R., 420; 19 Ency. P. & P., 676; 81 Va., 568.

*Mr. Barnwell* cites: Code of Proc., 155, sub. 1; 2 Fed. Cas., 850; 6 Tex., 391; 95 U. S., 714; 172 U. S., 602; 29 Fed. R., 17; 39 S. C., 493.

*Messrs. Legare & Holman,* contra.   (Reporter furnished no argument.)

March 22, 1906.   The first opinion was delivered by

MR. JUSTICE WOODS.   The plaintiff, Edward N. Jenkins, seeks in this action to recover of the defendant, Penn Bridge Company, a corporation chartered under the laws of the State of Pennsylvania, the sum of $1,051.12 damages for breach of contract.

The defendant, appearing specially for that purpose, moved before Hon. R. W. Memminger, Circuit Judge, to set aside the service of the summons, "on the ground that the defendant is a foreign corporation and the person upon whom personal service of the summons was made is not, and was not at the time of said service, the president, cashier, treasurer, attorney, or secretary of said company or an agent thereof."   The appeal is from an order refusing the motion.

In the affidavit of service made by C. St. C. Kirk, it is stated the summons was served "by delivering to J. W. Rowley, agent of defendant, at the Navy Yard, said county, and leaving with him copies of the same at Charleston Navy Yard."

In support of the motion, S. P. White, the president of the company, submitted an affidavit in which he says: "That one J. W. Rowley, upon whom service was had in the above entitled suit, is in no sense an agent for the said defendant company.   That he is an employee of said company, paid by the day, and subject to discharge at a day's notice; that he is a laborer and timekeeper for said defendant company, with no authority whatever to contract for said company or bind it in any manner whatsoever.   That the only agent of said company having control over the work in progress as aforesaid, and with authority to bind the company in any manner in connection with the said work, is one J. T. McMahon, the general construction agent of said company, who has sole charge of the work aforesaid."

The affidavit of Rowley himself as to his relation to the corporation is to the same effect. No proof of Rowley's agency was offered by the plaintiff.

In section 155 of the Code of Procedure, it is provided as to the service of the summons that "such service can be made in respect to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made in this State personally upon the president, cashier, treasurer, attorney or secretary, or any agent thereof."

The object of service of the summons is not only to give notice to the defendant of the pendency of a suit against him, but to bring him under the jurisdiction of the Court. If, therefore, Rowley was not an agent, service upon whom would not subject the defendant to the jurisdiction of the Court, the Circuit Judge was in error in the view which he seems to have taken that the object of the service had been accomplished when the defendant received through the service notice of the suit, and by special appearance moved to set the service aside. *Hester* v. *Rasin Fert. Co.*, 33 S. C., 609, 12 S. E., 563; *Wren* v. *Johnson*, 62 S. C., 533, 40 S. E., 937. The Circuit Judge held as a matter of fact, however, that Rowley was the agent of the defendant corporation, and it seems this finding would not be subject to review by this Court unless entirely unsupported by the evidence. *Hester* v. *Rasin Fert. Co., supra*. The only evidence on the subject was to the effect that Rowley was a laborer and timekeeper, paid by the day and subject to discharge at a day's notice, without authority to contract or bind the company in any manner whatever, and the question of law is whether a person who sustains this relation to his employer can be regarded an agent.

An agent is generally defined as a person who acts on behalf of another person who is his principal. While in practical affairs the relation assumes so many phases, it is often quite difficult to apply the definition, it is certainly necessary to constitute agency that there should be some

kind of representation of the principal by virtue of authority conferred by him. Authority to contract is sufficient to constitute agency under this statute. *Gross* v. *Nichols,* 33 N. W., 653 (Ia.) ; *Berlin Bridge Co.* v. *Norton,* 17 Atl., 1079 (N. J.) ; *Packet Co.* v. *Pikey,* 40 N. E., 527 (Ind.). The claim of agency based on any other authority short of power to contract it is said by high authority has rarely been maintained, and certainly it should be allowed with great caution. *Moore* v. *Freeman,* 92 N. C., 590.

Employee is manifestly a much broader term than agent; and it is therefore not sufficient under this statute to show that the service was made on an employee without showing that such employee was also an agent. Of all classes of employees a day laborer has the most transient and readily severed connection with the person whom he serves, and no warrant will be found either in legal precedent or the common understanding of practical men for regarding him an agent or representative. The matter is thus forcefully stated in *Mulhearn* v. *Press Pub. Co.,* 20 Atl. Rep., 760 (N. J.) ; "The line between those who represent and those who do not represent a foreign corporation for the purposes of this act cannot be defined by a formula. But it was never intended that every servant who happened to do some act in this State for a foreign corporation represented the company. Service upon a carter who was sent across the ferry into this State for a load of merchandise belonging to a foreign corporation would be absurd. These persons have little, if any, more representative character than the carter." *Connecticut Mutual Life Ins. Co.* v. *Spratly,* Rose's Notes, 3 Supplement, 993 ; *Abbeville E. L. & P. Co.* v. *Western E. S. Co.* (S. C.), 85 Am. St. Rep., note 933.

The work of a laborer employed as a timekeeper is purely mechanical, implying no more discretion than that of a laborer who works with his spade. In a certain sense the master is responsible for the result of every laborer's work and as to those with whom he contracts as well as the outside world he is bound by it, but this does not make the

laborer an agent of the master upon whom process can be served to bind the master as principal.

The Circuit Judge rests his conclusion mainly upon the authority of the case of *Abbeville E. L. & P. Co.* v. *Western E. S. Co.,* 61 S. C., 361, 382, 39 S. E., 559; but the facts of the case are entirely different and neither the reasoning of the Court nor the principle announced furnish any ground for holding that Rowley could be regarded the agent of the defendant in this case. After discussing the leading case of *Connecticut Mutual Life Ins. Co.* v. *Spratly,* 172 U. S., 602, referring to that case, the Court says: "As we have seen above, and as is held in the case last cited, the character of the agency depends upon the inquiry whether the agent can be regarded as the representative of the corporation in respect to the transaction out of which the suit arises. The practical inquiry, therefore, is whether George F. Schminke was the representative of the defendant corporation in this State, in regard to the transaction out of which this controversy arose. This must be determined by an examination of the undisputed testimony in the case, proceeding largely, and in fact entirely, from the defendant corporation itself." The Court then holds that the letters of the defendant proved conclusively that the person served was sent to Abbeville as the representative of the defendant in the very matter in dispute and out of which the action arose.

Here Rowley, the person served, had no connection with defendant's business except as a mere day laborer employed as a timekeeper. He, therefore, did not represent the defendant, and was not an agent upon whom the summons could be legally served in an action against the defendant, a foreign corporation.

The objections to the validity of the service which form the basis of the other grounds of appeal were not mentioned in the notice of motion, and therefore were not considered by the Circuit Judge.

I think the judgement of the Circuit Court should be reversed.

MR. CHIEF JUSTICE POPE *concurs.*

MR. JUSTICE JONES, *dissenting.* The judgment of the Circuit Court should be affirmed. That Court has found as matter of fact that J. W. Rowley, upon whom service was made in this case, was an agent of the defendant foreign corporation at the time of service. This is a finding of fact in a case at law and cannot be disturbed by this Court unless it is absolutely without evidence to support it. The person making service made affidavit that the service was made upon J. W. Rowley, agent of defendant at the Navy Yard, Charleston County. It appears by the affidavits of S. P. White, president of the defendant company, and J. W. Rowley, that said Rowley was a timekeeper employed by the defendant at the Navy Yard, where defendant is doing a piece of construction work for the United States Government. It is true, that these affidavits of S. P. White and J. W. Rowley say that Rowley had no authority to bind the said company in any way, but this is rather a conclusion of law, dependent upon the duties of a timekeeper. It is also stated that Rowley is paid by the day and subject to discharge at a day's notice, but the question does not depend upon the length or tenure of service, but the character or nature of the service.

Let us, therefore, not concentrate attention on the statement that Rowley was a laborer, but direct attention to the undisputed fact that Rowley was timekeeper for the defendant in its construction work. On this point the affidavits are singularly silent as to the nature of Rowley's duties as a timekeeper. The Circuit Judge was left to make his own inference from the meaning of the term. According to Webster, a timekeeper is, "2. A person who keeps, marks, regulates, or determines the time. Specifically:—(a) a person who keeps a record of the time spent by workmen at

their work." According to the Century Dictionary a time-keeper is, "(c) One who notes and records the time at which something takes place, or the time occupied in some action or operation, or the number of hours of work done by each of a number of workmen." It would seem, therefore, that a timekeeper employed by defendant in its construction work to keep the time of its employees, probably numerous, keeps a record for the defendant from which no doubt its pay rolls are made up. Does that record not bind the defendant in any way? In a dispute between the defendant and its employees as to the amount due as shown by the timekeeper's record, would not such record, in the absence of fraud or collusion, bind the defendant on the ground that in making such record the timekeeper represents the defendant? What would be the difference in principle if the book-keeper or moneykeeper of the defendant had been served instead of the timekeeper? The timekeeper represents his employer or principal in his relation to the other employees with respect to this particular part of defendant's business.

This cannot be called the position of a mere laborer, and cases that might be cited to the effect that service upon a mere laborer would not be service upon an agent of a foreign corporation have no application. The test of agency is not the power to make a contract binding the employer. Such power shows agency, but agency may also be shown by the fact that a person represents the master in some one or more of his relations to others, even though he may not have power to contract. The statute makes service on "any agent" of a foreign corporation sufficient. The statute, therefore, does not require that the agent shall be general, but is complied with by a service upon an agent having limited authority to represent his principal.

We do not think that it can be said that the conclusion of the Circuit Court is absolutely without any evidence to sustain it, and that he committed error of law in dismissing the motion of defendant to set aside the service of process in this case.

MR. JUSTICE GARY concurring in this view, and the Court being evenly divided on the question, the judgment of the Circuit Court stands affirmed under the Constitution.

MR. JUSTICE GARY *concurs.*