7751

### GOODWIN v. DEW.

Appeal—Service of Foreign Corporation.—Finding by trial Court that the party served was not the agent of a foreign corporation will not be reversed on appeal where there is evidence to support it.

Before Watts, J., Marlboro, March, 1910. Affirmed.

Action by E. W. Goodwin and wife against D. L. Dew and Massie-Pierce Co., Inc. From order dissolving attachment and setting aside service of summons, plaintiffs appeal.

*Messrs. Townsend & Rogers,* for appellant, cite: *Service is good on foreign corporation:* Code of Proc. 155; Code 1902, 1780; 73 S. C. 531; 76 S. C. 345; 61 S. C. 367; 48 S. C. 72; 48 S. C. 65; 17 S. C. 122.

*Messrs. G. E. Dargan, Stevenson, Matheson & Stevenson,* contra, cite: *Question of agency was one of fact:* 56 S. C. 126; 73 S. C. 531; 33 S. C. 609; 48 S. C. 73; 81 S. C. 44. *There was no evidence to show that the party served was the agent of the corporation in regard to the transactions in controversy:* 61 S. C. 392. *Service on a proper agent of a foreign corporation warrants personal judgment against it:* 48 S. C. 74; 61 S. C. 392; 53 S. C. 106.

January 7, 1911. The opinion of the Court was delivered by.

MR. JUSTICE WOODS. In this case the plaintiffs sought to recover judgment against the defendants on a claim for about seventeen hundred dollars, the balance due on a contract for the sale of timber. The defendant D. L. Dew being a resident of the State of North Carolina and the defendant Massie-Pierce Company a foreign corporation chartered under the laws of Virginia, the plaintiff obtained from the clerk of the Court of Common Pleas of Marlboro county a warrant of attachment under which the plaintiffs seized several mules, an engine, saw mill fixtures and other chattels as the property of the defendants. At the same time the sheriff delivered a copy of the summons to one Agnes Hall as the agent of the defendants in charge of the property, thus attempting to comply with section 155 of the Code of Civil Procedure which provides that service of a foreign corporation may be made in the State by personal service of the summons "upon the president, cashier, treasurer, attorney or secretary, or any agent thereof."

Soon after the attempted service and the seizure of the property under the warrant of attachment, one W. T. Bowen served a notice on the plaintiff and the sheriff, claiming to be the owner of the property and demanding possession of it. An arrangement was then made between the attorneys for the plaintiffs and W. T. Bowen whereby Bowen was allowed to give bond and take possession of the property.

Thereafter the defendant Massie-Pierce Company, appearing for the purpose of objecting to the jurisdiction of the Court and for no other purpose, moved before Honorable R. C. Watts, Circuit Judge, to set aside the service of the summons on the ground that the person on whom the summons was served was not an agent of the corporation.

As there was no attempt to serve either of the defendants by publication or personal service out of the State, the decision on the motion by Judge Watts necessarily depended on the question of fact, whether Hall, on whom the service

was made, was an agent of the defendants, or either of them. On this issue the plaintiffs submitted an affidavit from the sheriff to the effect that Hall, who was at the place where he found the property, represented to him that he was in charge of it for the defendants. The plaintiff E. W. Goodwin himself also made an affidavit in which he stated positively that the property had been left in charge of Hall by the defendants. On behalf of the defendants there was before Judge Watts an affidavit of W. T. Bowen in which he stated that he was the owner of the property by virtue of a mortgage given to him by D. L. Dew, upon which Dew had released his equity of redemption; that he was informed and believed that Hall was in charge of the property as his agent and not as the agent of the defendants; and that when the sheriff seized the property it had been turned over to his agent J. L. McLucas whom he had sent to take charge of it. There was an affidavit from J. L. McLucas to the same effect. From this statement it is clear that there was evidence on both sides of the issue as to whether the person on whom there had been a service of the summons was the agent of the defendants. Judge Watts in using the following language necessarily decided this issue of fact adversely to the plaintiffs: "No order of publication has been gotten nor attempt to publish or serve beyond the State was made, and from the evidence before me I find that there has been no such service as is required by the Code." Such a decision having evidence to support it cannot be reversed on appeal. *Hester* v. *Rasin Fertilizer Co.,* 33 S. C. 609, 12 S. E. 563; *Jenkins* v. *Penn Bridge Co.,* 73 S. C. 526, 53 S. E. 991.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.