## NELSON v. WEST COAST GROCERY CO.

(First Division. Juneau. March 9, 1914.)

No. 996-A.

CORPORATIONS ☞668(7)—PROCESS—NONRESIDENT CORPORATIONS.

Service of summons in this case was made on C. H. Hyde, the president of the corporation, both nonresident; but, Hyde being on a pleasure trip in Alaska when served, defendant moved to quash the service. The affidavit of plaintiff's attorney shows (and no denial was made) that the defendant company has an agency and an office for the sale of its goods in Juneau, from which agency and office it sells and has sold for many years merchandise through Alaska in large amounts; that it has maintained said office continuously for several years, and that it has sued and been sued in the courts of Alaska; that Hyde was in Alaska, when served with process, as a voluntary visitor, and was not compelled by any process of any court in Alaska or elsewhere to be present in said territory. *Held*, the defendant corporation was engaged in "doing business" in Alaska, the motion to quash the service denied, and service sustained.

Plaintiff is a citizen of Alaska. He sues defendant, which he alleges is a corporation "duly incorporated and existing under and by virtue of the laws of the state of Washington." The cause of action set out in the complaint is the conversion by defendant, at Tacoma, Wash., of certain moneys of plaintiff which had been sent to Tacoma from Juneau.

Service of summons was had on C. H. Hyde, president of the defendant company.

The defendant appeared specially and moved to quash the summons, supporting the motion by an affidavit of Mr. Hyde to the effect that, when served, he was passing through Alaska on a pleasure trip, and not on any business of the company, and that he was "without authority upon said trip to represent the said West Coast Grocery Company, or to receive service of process for the said company in connection with any of its affairs": that said trip was purely a friendly and social trip with a Mr. Alexander, whose guest he was, and was not by authority of the West Coast Grocery Company, or upon any of its business or affairs.

The statements in this affidavit have not been denied in any way; but Mr. J. G. Heid, counsel for plaintiff, has filed an affidavit in opposition to the motion to quash, and in that affidavit he swears:

"I am a resident of Juneau, Alaska, and have been such resident of said Juneau for more than 25 years last past continuously; that defendant West Coast Grocery Company is carrying on and conducting a wholesale grocery business at Tacoma, Wash., and in so doing is selling and does sell its wares and merchandise to purchasers wherever they may be found, and in the conduct of its business said defendant has, and for more than 8 years last past had, established its agency for that purpose at the city of Juneau, Alaska, where it sold and now sells to merchants in and about Juneau, and elsewhere in Alaska, its goods, wares, and merchandise."

Said affidavit states, also:

"That O. H. Adsit, deceased, whose administrator plaintiff is, and in behalf of whose estate the action was brought, was at one time the agent of said plaintiff; that he was succeeded by one C. M. McGrath, and McGrath was succeeded by one Clyde Abercrombie, and the said Abercrombie was succeeded by one W. K. Rogers, and that all said persons maintained in the city of Juneau a selling agency for the defendant (a well-known place of business in the city of Juneau) lettered as and known as West Coast Grocery Company, and that said Rogers, who succeeded said Abercrombie, does, as done heretofore by the agents of said defendant, continue the office and business of said defendant in Juneau, and continue the office and business as agent of and for defendant, and as had heretofore been done by defendant's agents, at its instance, and has so carried on the business of defendant in Alaska for more than a year last past and before the commencement of this action in a building situated on lot 4 in block 1, where now, and for a long time past, and before the commencement of this action, said defendant's office had been and now is designated and held out to the public as office of the West Coast Grocery Company in large letters painted on the window of said defendant's office;

that said defendant has, by reason of its continuous agency maintained at Juneau, sold goods, wares, and merchandise in an amount and sum aggregating thousands and thousands of dollars; that the said defendant corporation is known throughout Alaska to be a pioneer wholesale house, having its permanent agency established in Alaska, and having sued and been sued in the courts of this district.

"That its president, C. H. Hyde, who made the affidavit in support of the motion to quash the summons herein, was in Alaska when regularly served with said process, not as a witness or party in a case or cause then pending or on trial in or before any court in Alaska, but as a voluntary visitor or traveler within Alaska, and was not compelled by any process of any court in Alaska to be present in Alaska."

Now, the statements made in the affidavit of Mr. Heid are not denied by the defendant, or by any officer of the defendant, or by any one at all. The only reply affidavit is one by Charles Goldstein, who describes himself as a customer of the defendant and says that he is familiar with its practice with reference to the conduct of its business with customers residing in Alaska; that the defendant has for a number of years had in Alaska a traveling solicitor, who is authorized to solicit orders for groceries from retail grocers, which orders are forwarded and submitted to the defendant at its home office in Tacoma, and which, when accepted by the defendant at Tacoma, are filled by delivering the goods ordered f. o. b. dock Seattle or Tacoma; that the marine insurance upon such goods is carried in the name of and for the benefit of the Alaska customers when they so request; that defendant maintains no stores in Alaska, and makes its delivery to all customers only within the state of Washington; that affiant is informed that the local solicitor has caused the name of said company to be placed upon his office window for the convenience and information of persons desiring to forward orders to the home office at Tacoma, Wash.

John G. Heid, of Juneau, for plaintiff.

Shackleford & Bayless, of Juneau, for defendant.

JENNINGS, District Judge. Counsel for defendant cites several federal cases in support of the motion to quash. Many additional decisions of the federal courts might be found.

It is said in 19 Ency. of Pldg. & Prac. at page 682, that by a long and unbroken line of decisions in the federal courts it has been held that, when a foreign corporation "does no business

within the state, service upon an officer or agent of such corporation, temporarily within the jurisdiction upon private business of his own and on that of the corporation, will not bind the corporation."

All the cases cited have been examined, besides many other federal cases. In every such case examined it appeared that the decision was substantially to this effect only; that a corporation not domiciled in the particular state, having no agent there, and "doing no business" there, is "not found" there, within the meaning of section 739, U. S. R. S. (U. S. Comp. St. 1916, § 1033).

The defendant corporation, although doing the things Mr. Heid says it does, has never seen fit to appoint a resident agent, upon whom service might be had. So service was had in the district upon the president himself.

I think, the affidavit of Mr. Heid being absolutely undenied by any officer of defendant, it may well be held that, under the showing, at least, defendant is "doing business" within the district of Alaska; at least "doing business" to such an extent that service in the district upon the president will bind the corporation. Cone v. Tuscaloosa Mfg. Co. (C. C.) 76 Fed. 891.

In 19 Encyc. Pldg. & Pr. p. 672, it is said:

"In the absence of any special statutory provisions regulating service on foreign corporations, it is generally held that service in the manner prescribed for domestic corporations will give jurisdiction"— citing Farrell v. Oregon Gold Mining Co., 31 Or. 475, 49 Pac. 876; Gross v. Nichols, 72 Iowa, 239, 33 N. W. 653; Chicago v. Manning, 23 Neb. 552, 37 N. W. 462.

The Compiled Laws of Alaska, 1913, § 878, declares that the summons shall be served as follows:

"If the action be against a private corporation [it shall be delivered] to the president or other head of the corporation, secretary, cashier or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the district, then to any clerk or agent of said corporation who may reside or be found in the district."

We have, on the face of the papers, at least, a foreign corporation which has been and is maintaining an agency in Juneau for the sale of goods to residents of Alaska and which has been and is doing business in Alaska, which has sold thousands and thousands of dollars worth of goods to the

residents of Alaska, which, as plaintiff, has used the courts of Alaska (presumably against Alaska citizens), and which, according to the complaint, has wronged the estate of a dead man, who, when living, was a resident of the very jurisdiction the power of whose courts defendant has not hesitated to invoke as occasion required. We have that corporation protesting when it is sought to bring it into an Alaska court to answer for an alleged wrong committed against an Alaska citizen.

Foreign corporations are allowed to sue in our courts by virtue of comity. It does not comport with a just reciprocity that the comity should be all on one side.. To allow foreign corporations to maintain selling agencies in Alaska, to use the courts of Alaska against Alaska citizens, and yet not to be amenable tô those courts when they misuse Alaska citizens, does not commend itself to what would seem to be the correct idea of justice and fair dealing.

The motion to quash service of summons is overruled.