## F. H. Wissler, Appellant, *v.* Daniel Herr.

*Affidavit of defence—Foreign judgment.*

In a suit upon a foreign judgment, an affidavit of defence is sufficient which avers that no personal service was ever had on the defendant, that the judgment was fraudulent, and that the defendant never appeared in the suit until after judgment was entered, and then only for the purpose of having the judgment set aside on the ground of fraud.

Argued May 17, 1894.    Appeal, No. 404, Jan. T., 1894, by plaintiff, from order of C. P. Lancaster Co., Oct. T., 1891, No. 70, discharging a rule for judgment for want of a sufficient affidavit of defence.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on foreign judgment.

Plaintiff's statement contained the record of the judgment of the circuit court of Frederick county, Virginia, on which this suit was brought, showing that the suit in that state was brought by Levi Erb upon a general warranty contained in a deed executed by the defendant, Daniel Herr, asking, inter alia, " that ostensible liens existing at the date of your orator's

purchase may be adjudged satisfied or not enforceable." To this bill all parties holding claims, or interested in them, that appeared to be liens, so far as known, or their personal representatives, and the holders of title from the time the liens were obtained, were made parties defendant. Subpœnas were issued, as prayed for in the bill, and were served personally on all who were residents of the state of Virginia, and by publication on H. J. Pritchard, Daniel Herr, Joseph Eidson and Elizabeth Hibbs.

Several answers were filed, testimony was taken, and the case was referred to a master, who reported to the court, and the court, on June 22, 1888, adjudged, ordered and decreed that the judgment of Heironimus & Co., against Robert F. Massie, and the trust given by H. J. Pritchard were liens, and ordered their payment. The court decreed that each vendee could recover from his vendor the amount he would have to pay, as the deeds from Herr down all contained a general warranty of the title and its being free from incumbrances, and that said covenants of warranty ran with the land. The decree was not to be operative for sixty days.

On Aug. 21, 1888, a day before the decree of June. 22, 1888, became operative, the record showed that Daniel Herr appeared in the circuit court of Frederick county, Virginia, and, through his attorney, J. P. Whitacre, filed a petition or bill in said court, setting forth: 1. That he was not and is not now a resident of Virginia. 2. That he was not served with process and did not appear in the cause. 3. Admitting that he was, at one time, the owner of the land in question. 4. That he is informed and so charges that none of the debts set forth in the decree of June, 1888, are liens, and if they ever were they have long since been discharged and should be so marked on record. 5. That if the debts were liens the land could not be held, as parties did not use due diligence in collecting the same. 6. That there could be no decree against petitioner. 7. That if the court was of a different opinion it was premature to decree against him until it was ascertained to whom debts were payable, and praying (1) that H. J. Pritchard et al. be made parties defendant to his bill and answer the same; (2) that all papers in suit of Erb v. Pritchard et al. be read in evidence in connection with his (Herr's) petition; (3) that the decree

of June 22, 1888, be reheard, set aside and annulled ; (4) that inquiry be made to see if debts in question are liens ; (5) that parties be restrained from collecting debts, etc., until the respective rights of all parties have been ascertained and finally settled ; (6) further and general relief, as may be just, equitable and right.

On Aug. 21, 1888, that court granted an injunction restraining the parties from collecting the debts as prayed for in the bill.

On the same day that Daniel Herr filed his bill, or afterwards, his attorney also filed exceptions to the master's report and to all the testimony that had been taken in the cause of Erb v. Pritchard et al.

Subpœnas were issued on Herr's bill, and served on the parties defendant. Answers were filed, the principal one of which denied most of the allegations in Herr's bill. The testimony of several witnesses was taken as to the merits of the matter in dispute and on May 18, 1890, the court filed a decree, refusing to rehear the decree of June Term, 1888, dismissing Herr's petition, dissolving the injunction granted Aug. 21, 1888, and decreeing that petitioner pay costs.

At June Term, 1891, under the caption of L. Erb v. Pritchard and others, and Daniel Herr v. L. Erb and others, the court, saying : " These causes came on finally to be heard together," decreed that it appearing that F. H. Wissler had paid certain debts which are in this decree declared to be liens on the real estate in question, Daniel Herr shall pay the same to said F. H. Wissler.

Plaintiff's statement contained the above records.

The affidavit of defence was as follows :

" 1. The suit of Erb against Pritchard et al., referred to and set forth in plaintiff's statement, and upon the final decree in which action this present suit is founded, was instituted in the circuit court of Frederick county, Virginia, on or about Oct. 9, 1884 ; yet in fact and according to the record of said suit, he, the said Daniel Herr, was never served with personal process, nor had he any knowledge or notice, actual or constructive, of said suit before a definitive decree or judgment had been entered against him by default, and up to that time he was not represented in said suit in any manner whatsoever ; and the

said definitive decree or judgment, upon which the final decree on which this present action is founded is simply an affirmance, was obtained against him without his knowledge or appearance, and without any notice, actual or constructive, of the beginning or progress of said suit.

" 2. The said suit of Erb against Pritchard, in which the decree or judgment upon which this action is founded was obtained and entered, was, as your affiant believes and expects to be able to prove on the trial of this case, a fraudulent and collusive proceeding, not begun or defended in good faith to clear the title to the lands involved nor to indemnify other purchasers against losses suffered by the compulsory payment of liens thereon, but was a speculative proceeding, tainted with champerty, in that the alleged liens on the real estate, situated in Frederick county, on the lands at one time owned by the said Daniel Herr, and by him conveyed to the said F. H. Wissler by general warranty deed, upon which warranty the said Herr was declared liable to the said F. H. Wissler, were founded upon certain stale claims, dating back to periods prior to the beginning of the War of the Rebellion in 1861, and that no such bond as is referred to in the trust deed, dated April 12, 1861, is in existence or was produced on the trial of the cause, nor is there any existing legal record, nor was any such record produced on the trial of the cause, as the judgment referred to as a judgment in the county court of Frederick in the name of Joseph Eidson and Henry J. Pritchard, and another judgment in the circuit court of Frederick county in the name of Elizabeth Hibbs ; and that there were no persons in esse to receive, recover or prosecute said judgments and claims, or either of them, and that the said F. H. Wissler was not legally compelled, nor was he under any legal or moral obligation to pay said claims, but on the other hand and to the contrary, had a just and perfect legal defence to the same, but he neglected to defend the said real estate against them or to notify the said Daniel Herr and to give him an opportunity so to defend, as it was his duty as warrantee to do, and he fraudulently and with and for the purpose of aiding the said champerty, colluded and conspired with certain persons in the said proceedings, and suffered judgment to be decreed against him by default, to the end that the payment of said claims might ultimately be decreed

against the said Daniel Herr, together with the costs thereof, including an exorbitant attorney fee of three hundred and fifty dollars ($350).

"3. The circuit court of Frederick county, in the state of Virginia, in which the final judgment or decree was recovered, upon which the present action is founded, had no jurisdiction with regard to the subject-matter or of the person of the defendant, in that the said Daniel Herr was never duly served with any legal process therein, or had any constructive or actual notice thereof, nor was he represented in the proceedings by any attorney up to the time when the definitive decree or judgment was obtained, of which the final decree or judgment on which this action is alleged to be founded was simply an affirmance.

"4. The copy of the record filed in this proceeding is not a true and correct transcript and exemplification of the judgment or decree in the circuit court of Frederick county, in the state of Virginia, and of all the proceedings therein had in said court, inasmuch as it does not contain and include any copies of the answers of William B. Baker, surviving executor of William Miller, and J. H. Williams and John J. Williams, executors referred to in the order of court, dated March 13, 1885, and appearing in plaintiff's statement."

The supplemental affidavit was as follows:

"5. Affiant and defendant in this case is, and always has been, a resident of the state of Pennsylvania, and is not, and never was, a resident of the state of Virginia; and the record in this case, filed by plaintiff as part of his statement, fails to show any personal service upon Daniel Herr, defendant, and it fails to show that he ever entered an appearance generally or had any general appearance entered for him in the proceedings upon which the judgment was obtained upon which this action is founded.

"6. The record in this case, filed by the plaintiff as part of his statement, shows only a special appearance entered by an attorney for Daniel Herr for the particular and special purpose of setting aside, rehearing and annulling a decree entered in proceedings in which no service was had upon Danied Herr and in which no appearance was entered for him and of which he had no notice and no knowledge.

" 7. The defendant further avers that his petition, filed after the definitive decree of June, 1888, was dismissed by said court and his prayer for a reopening of the said suit of Erb against Pritchard et al. was denied; and that the proceedings had upon said petition did not involve a full consideration of the merits of the claims which were the basis of the decree of June, 1888, and also of the decree of June, 1891, which was merely a reaffirmance of the decree of June, 1888, and that he is informed, and expects to be able to prove, that his petition was so denied and dismissed, in part and largely by reason of the efforts of the said plaintiff, warrantee of defendant and his attorney, who refused to aid in having the decree opened, and opposed it and objected to his motion throughout the entire proceedings, and colluded with the parties representing the claims against defendant to procure a decree against defendant.

" 8. Defendant further avers that the final decree on which the present suit is founded was not founded upon any suit instituted by Daniel Herr against Erb and others, nor was any such suit ever instituted by affiant; but the petition of Daniel Herr for a reopening of the decree of June, 1888, was the only proceeding that he ever instituted in reference to this alleged claim; it was not an original and separate suit; and this appears from the records filed with the plaintiff's statement.

" 9. The decree of June, 1891, was entered more than a year after defendant had ceased entirely to take any part in the proceeding, and at that time he was not represented by counsel, nor had he any knowledge of the entering of said decree, nor of any argument, hearing or proceeding upon which it was entered until after it was entered by the court, nor until more than a year had elapsed since he was represented by any counsel; and the same was entered without notice to him, or to any counsel appearing for him, and the caption to said decree, in which he is purported as plaintiff in some proceeding, was affixed without any authority and without the inception of any proceeding by affiant, or by any one appearing for him to justify it, and was done, as affiant verily believes, at the instance of counsel for plaintiff to give an appearance of jurisdiction, where none lawfully existed, and of such a proceeding affiant avers that the court in which it was had no jurisdiction."

The court, LIVINGSTON, P. J., discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*A. B. Hassler* and *John A. Coyle, A. R. Pendleton* with them, for appellant, cited: Act of Congress of May 26, 1790, 1 Rev. St., sec. 905 (found in appendix of Purdon's Digest, p. 1720, sec. 1, edition of 1885); Baxley v. Linah, 16 Pa. 241; Benton v. Burgot, 10 S. & R. 240; Johnson v. Dobins, 5 W. N. 537; Guthrie v. Lowry, 84 Pa. 533; Otterson v. Middleton, 102 Pa. 86; R. R. v. Mara, 26 Ohio, 185; Grantier v. Rosecrance, 27 Wis. 488; Anderson v. Coburn, 27 Wis. 558; Blackburn v. Sweet, 38 Wis. 578; Dikeman v. Struck, 76 Wis. 332; Alderson v. White, 32 Wis. 308; Valley Life Assn. v. Lemke, 19 Pac. R. 337; Jones v. Andrews, 10 Wal. 327; Moore v. Fields, 42 Pa. 467; Packer v. Boyer, 1 W. N. 130; Hart Mfg. Co. v. N. Y. Mfg. Co., 5 W. N. 502; Wetherill v. Stillman, 65 Pa. 105; Mink v. Shaffer, 124 Pa. 280.

*Chas. F. Hager, Jr.,* and *W. U. Hensel, J. Hay Brown* with them, for appellee, cited: Cole v. Cunningham, 133 U. S. 107; Keeler v. Elston, 34 N. W. Rep. 892; Story's Conflict of Law, 603; D'Arcy v. Ketchum, 11 How. U. S. 165; Pennoyer v. Neff, 95 U. S. 714; Scott v. Noble, 72 Pa. 115; Steel v. Smith, 7 W. & S. 447; Cahoon v. Hollenback, 16 S. & R. 425; Cobbey v. Wright, 36 N. W. Rep. 505; Noble v. Crandell, 49 Hun, (N. Y.) 474; Green v. Green, 42 Kans. 654; Paxton v. Daniels, 23 Pac. R. 441; Com. v. Shuler, 2 Dist. R. 552; Dorr v. Gibbony, 3 Hughes, 382; Mayfield v. Bennett, 48 Iowa, 194; Williamson v. McCormick, 126 Pa. 274; Scott v. Hull, 14 Ind. 136; Smith v. Eyre, 149 Pa. 272; Murphy v. Cappeau, 147 Pa. 45.

PER CURIAM, July 11, 1894:

An examination of this record has led us to the conclusion that there is sufficient in the affidavits of defence to carry this case to a jury, and hence there was no error in discharging the rule for judgment.

Judgment affirmed.