[No. 2832.  Decided February 10, 1898.]

CLARENCE CUNNINGHAM, *Respondent*, v. SPOKANE HYDRAULIC COMPANY, *Appellant*.

ACTION ON FOREIGN JUDGMENT — JURISDICTION OVER DEFENDANT — WHAT JUDGMENT ROLL MUST SHOW — EVIDENCE OF SERVICE.

In an action upon a judgment obtained in another state, proof of jurisdiction over the person of defendant in the former action is inadmissible where the judgment roll itself does not show service of process or an appearance by defendant in the action in which the judgment had been obtained.

A sheriff's return of service of summons reciting merely that he personally served same on a certain individual, "as agent of the defendant corporation," is insufficient to show jurisdiction over a foreign corporation, when the statute provides for the appointment by such corporation of some person residing in the county in which the principal place of business of such foreign corporation within the state is conducted upon whom process may be served, which appointment must be filed in the office of the secretary of state and of the clerk of the court for such county, since the sheriff's return must describe an agent within the meaning of the statute, where words of description are employed therein.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

*H. M. Stephens,* for appellant.

*W. B. Heyburn,* and *T. H. Bartlett,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The question for consideration in this case is the validity of a judgment in favor of plaintiff against defendant (appellant here), entered in the district court of the state of Idaho. This action was commenced by plaintiff (respondent here), in the superior court of Spokane county, upon a judgment from the state of Idaho. The certified record of the proceedings and the judgment roll from the district court of Idaho were tendered in evidence by plaintiff in support of the action founded thereon and its reception objected to by defendant, upon the ground that the purported record showed upon its face that defendant was a non-resident of Idaho at the date of the service of summons, and the record did not affirmatively show that the court had jurisdiction of the defendant; that the facts disclosed by the record tendered were not enough to confer jurisdiction on the court. An inspection of the record tendered discloses that the defendant was a foreign corporation, that is, organized under the laws of this state, and doing business in Idaho. The complaint in this action alleges that the district court of the first judicial district of Idaho for Shoshone county, is a court of general jurisdiction, duly created and organized under the laws of Idaho, but the complaint does not set out the laws of Idaho relating to service upon foreign corporations. It is true, as maintained by respondent, that judgments of a court of general jurisdiction presume jurisdiction, but this presumption of jurisdiction extends only to persons within the territorial jurisdiction of the court.

" Wherever it appears from the inspection of the record of a court of general jurisdiction that the defendant, against whom a personal judgment or decree was rendered, was, at the time of the alleged service, without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing the jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree." 2 Black, Judgments, §§ 895, 896, 910.

This rule applies to foreign corporations as well as to natural persons. 2 Black, Judgments, § 910; 6 Thompson, Commentaries on the Law of Corporations, § 7506.

The return of service of summons made by the sheriff of Shoshone county, Idaho, in the record recites that he personally served the same on Jesse Coulter, as agent of the defendant corporation, being the defendant named in the summons. The defendant, in its answer, has set out certain portions of the laws of Idaho, relating to the service of summons on foreign corporations (subd. 2, sec. 4144, Rev. Stat. Idaho), as follows:

"If the suit is against a foreign corporation, or a nonresident joint stock company or association, doing business and having a managing or business agent, cashier or secretary within this territory to such agent, cashier or secretary, or to any station, ticket or other agent of such corporation transacting business thereof in the county where the action is commenced, and if there is no such agent in said county, then service may be had upon any such agent in any other county."

And also section 2653 of the same statutes as follows:

"Every corporation not created under the laws of this territory, doing business in this territory, must within three months after the passage of this title, or from the time of commencement to do business in this territory, designate some person residing in the county in which the principal place of business of such corporation, in this territory, is

conducted, upon whom process issued by authority of, or under any law of this territory, may be served and within the time aforesaid must file such designation in the office of the secretary of the territory, and in the office of the clerk of the district court for such county, and a copy of such designation certified by either of said officers must be evidence of such appointment; and it is lawful to serve on such person, so designated, any process issued as aforesaid, and such service must be deemed a valid service thereof."

Respondent tendered in evidence on the trial in the superior court what purported to be a copy of the designation of Jesse Coulter, as agent for the defendant corporation under the above statute certified as of record in the district court, where the purported judgment was rendered, but not a part of the proceedings in the cause. The designation of agent so certified was received by the superior court over the objection of defendant. We do not think this certificate was a part of the record of the judgment, or of the record of the court in which the judgment was rendered. The judgment roll itself must affirmatively show jurisdiction in this class of cases. In 6 Thompson on Law of Corporations, § 7545, it is said:

"The sheriff, in his return, must describe an agent, either within the language, or at least within the meaning, of the governing statute, where words of description are employed therein."

*Haley v. Hannibal & St. J. R. R. Co.*, 80 Mo. 112; *Tallman v. Baltimore & O. R. R. Co.*, 45 Fed. 156; *Dickerson v. Burlington & M. R. R. Co.*, 43 Kan. 703 (23 Pac. 936); *Chicago Planing Mill Co. v. Merchants' Nat. Bank*, 86 Ill. 587; *Southern Building & Loan Ass'n. v. Hallum*, 59 Ark. 583 (28 S. W. 420).

Where the record of a judgment obtained in another state does not show service of process or an appearance by

the defendant against whom suit is brought on said judgment in another state, such record is inadmissible in evidence, if objected to. 12 Am. & Eng. Enc. Law, pp. 148v, 148w.

The case of *Ritchie v. Carpenter*, 2 Wash. 512 (26 Am. St. Rep. 877, 28 Pac. 380), cited by respondent, is not in point here. It was there held, "in an action upon a judgment of a court of record of another state, it will be presumed, in the absence of evidence to the contrary, that it is a court of general jurisdiction; and the recitals in the record of such court of the jurisdiction acquired over defendant's person in that proceeding are *prima facie* evidence thereof," but in this case the record discloses that the personal service was made upon the defendant, a resident of the state.

The judgment of the superior court is reversed.

SCOTT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.