MARSHALL *v.* R. M. OWEN & CO.

1. JUDGMENT — CONFLICT OF LAWS — JURISDICTION OF FOREIGN COURT—EVIDENCE.

A judgment of a sister State sued upon in Michigan may be assailed for want of jurisdiction of the foreign court; recitals of jurisdiction appearing in the record are immaterial.

2. SAME—PROCESS—STATUTES—EVIDENCE.

Without some proof of the statutes of Illinois, the courts of this State cannot determine whether a corporation, foreign or domestic, was properly served with process in that State, or whether a foreign corporation may transact business in Illinois without complying with conditions prescribed by statute.

3. SAME—CORPORATIONS.

It is a rule applicable to corporations and to individuals that whenever it appears from the record of a foreign court of general jurisdiction that the defendant against whom judgment was rendered was, at the time of the alleged service, outside of the jurisdiction of the court, and never appeared in the action, the burden of showing jurisdiction is imposed upon the party claiming rights under the foreign judgment.

4. PROCESS—FOREIGN CORPORATIONS—SERVICE—ATTACKING JURISDICTION OF FOREIGN COURT.

Service of summons upon an agent of a foreign corporation is not sufficient to prove jurisdiction unless it appears in the record that the corporation is engaged in business in the State, and the agent is appointed to act there; the transaction of business by the corporation in such State appearing, a certificate of service by the proper officer upon a person who is its agent is *prima facie* evidence that the agent represented the corporation in the business, but the corporation may, when the record is offered as evidence in another State, show that the agent stood in no such representative character to the company as to justify service upon him.[1]

5. SAME.

If process is duly served upon an agent, the judgment binds the defendant in the courts of other States.

[1] Who may be served in suit against foreign corporation, see note in 23 L. R. A. 490.

6. JUDGMENT—RECORD—PROCESS.

The court will not assume that the defendant was a foreign corporation unless evidence to that effect appears, or recitals of record establish the fact; mere allegations contained in plaintiff's declaration upon the foreign judgment do not aid or contradict a record purporting to show judgment against a domestic corporation of Illinois.

7. SAME.

Such judgment offered in evidence was properly received.

8. SAME—COLLATERAL ATTACK.

But defendant should have been permitted to show that the person upon whom process was served in Illinois was not defendant's agent, and the court failed to obtain jurisdiction.

9. SAME.

Nor did the court acquire jurisdiction because defendant made a special motion to dismiss the action in the Illinois courts, which was denied; if the court had not jurisdiction, the motion and a special appearance therefor did not confer it.

10. SAME—MOTIONS—RES JUDICATA.

Such order being interlocutory did not preclude the court from considering new or further motion to vacate the judgment, and the determination of it is not conclusive of the validity of service.

Error to Ingham; Collingwood, J. Submitted April 11, 1912. (Docket No. 148.) Decided July 11, 1912.

Assumpsit by George H. Marshall against R. M. Owen & Company upon a judgment of the circuit court for the county of McLean, Illinois. Judgment for plaintiff. Defendant brings error. Reversed.

*James H. Thompson* and *Thomas A. Lawler*, for appellant.

*William M. Smith*, for appellee.

The defendant and appellant was sued in the circuit court for the county of McLean, Ill. The sheriff returned the summons with the indorsement:

"Executed this writ this 28th day of October, 1908, by

reading and delivering a true copy of the same to W. G. Bell, local agent for the within named defendant, R. M. Owen & Co., Incorporated. The president, vice president, treasurer, secretary, superintendent or other officer not found in my county."

A declaration was filed in the cause February 10, 1909, with a copy of the account sued on, and at the April, 1909, term of court the cause was called and the following record made:

"Friday, April 30, 1909.  *Walter E. Johnston, et al.;* In assumpsit, 25,435, v. *R. M. Owen & Co.*
"And now at this day comes said plaintiffs by their attorneys, and it not appearing to the satisfaction of the court that said defendant R. M. Owen & Co. was duly served with process of summons herein at least ten days prior to the first day of the present term of this court, and now said defendant being three times solemnly called in open court came not but herein made default herein. And now it is considered by the court that said plaintiffs have sustained damages by reason of the nonperformance of certain promises in their declaration mentioned and the amount of plaintiffs' damages being unknown to the court, it is ordered by the court that a writ of inquiry issue herein for the assessment thereof."

The judgment entry is:

"Friday, July 2, 1909, Walter E. Johnston and William Hurt, copartners by the name and style of *Johnston & Hurt*, 25,435, In assumpsit, v. *R. M. Owen & Co.* (Incorporated.)
"And now at this day comes said plaintiffs by their attorneys, and now the court having heard the evidence and being fully advised in the premises doth assess said plaintiffs' damages at one thousand seven hundred forty-seven dollars and five cents. Therefore it is considered and adjudged by the court that the said plaintiffs, Walter E. Johnston and William Hurt, copartners, by the name and style of Johnston & Hurt have and recover of and from said defendant R. M. Owen & Co. (Incorporated) one thousand seven hundred forty-seven dollars and five cents their damages so assessed by the court as aforesaid and also their costs by them in this behalf expended and that execution issue therefor."

George H. Marshall, as assignee of the said plaintiffs and as owner of the Illinois judgment, began suit thereon in the Michigan court in November, 1910, and the cause being at issue, and coming on to be tried before the court and a jury, the record of the Illinois judgment was offered in evidence and, over objection of defendant, was admitted. The objections to it were that it does not show affirmatively that defendant was ever served with process, that service upon a local agent was not permitted by the statute of Illinois, that it does not appear that defendant was an existing or going corporation either in Michigan, Illinois, or elsewhere, that the fact of the agency of Bell is not affirmatively stated or asserted in the judgment. Over objection, the court also admitted in evidence the files and record (called Exhibit 3) of a certain proceeding in the said Illinois circuit court, in the matter of the special appearance of defendant in said court and its motion to vacate the said judgment upon the ground that W. G. Bell was not on October 28, 1908, nor at any other time, the agent of defendant, nor authorized nor with any right to accept service of process. The granting of the motion was opposed, and upon the issue made and upon the affidavits and other papers presented and considered, which are exhibited in this record, the Illinois court determined, and the record of the said court shows, the following:

"This cause came on to be heard upon the motion of the defendants, R. M. Owen & Co., incorporated, by John Stapleton, their attorney, limiting appearance for the purpose of said motion, wherein said R. M. Owen & Co. did move the court to set aside and vacate the judgment in this cause heretofore entered upon the grounds and for the reason that W. G. Bell was not on the 28th day of October, 1908, nor at any other time, the agent of the defendant company, and was never at any time authorized to accept service, and had no right to accept service, nor in any way was authorized to represent the defendants, and that the defendants had no notice whatever of the said suit or the judgment until the month of December, 1910, which said motion was filed on January 7, 1911, and the court having considered the affidavits of Raymond

Owen and Otto C. Owen in said cause on behalf of the defendants dated January 7, 1911, and the affidavits of W. W. Whitmore and W. E. Johnston in said cause filed on behalf of the plaintiffs on February 25, 1911, and the supplemental affidavits of W. E. Johnston in said cause filed March 1, 1911, and the court, being fully advised in the premises, doth overrule and deny defendants' said motion to vacate and set aside said judgment for want of jurisdiction of the defendants at the time said judgment was entered."

The assignment of said judgment to plaintiff was made July 25, 1910. The bill of exceptions is certified as containing substantially all testimony taken, evidence admitted, and proceedings had on the trial. No testimony appears upon the subject of defendant's authority to do business in Illinois, and, except as contained in Exhibit 3, none to show that it did any business in that State. No proof was offered to show the residence of defendant or in what State it was incorporated. The law of Illinois governing the bringing of suits against corporations, either domestic or foreign, and the manner of serving them with process, was not proved. Plaintiff did not attempt to prove his demand except by the said judgment record.

Plaintiff having rested his case, the court denied a motion to dismiss the same or to direct a verdict for defendant, whereupon defendant offered, pursuant to notice given with its plea, to introduce testimony to show—

" That, as a matter of fact, W. G. Bell was never in the employ of and never acted as agent or representative for the defendant company or for O. C. Owen; that O. C. Owen was not the agent or representative of the defendant company during the year 1908 or at any time thereafter; that no service of process was ever had upon W. G. Bell; that no service of process was ever had upon any officer, agent, or representative of the defendant company; that the judgment upon which suit is brought in Michigan was obtained through fraud; that it is void and of no force and effect; that W. G. Bell nor any other person was ever authorized, directly or indirectly, to appear for, represent, or accept service of process for defendant company."

The offer was refused.   The ground of refusal is indicated by the following:

" *The Court:* I will say that this proof is refused because on the face of the judgment rendered in Illinois and the findings in regard to that judgment, as shown by the records presented in this case marked Exhibit 3, are final and cannot be attacked in this court.   I think that covers the matter."

No other testimony being offered for defendant, the court directed a verdict for plaintiff.   The exceptions taken upon the trial raise, and counsel for appellant discuss, propositions stated by them in the following form:

" (1) Defendant had the right to inquire into the jurisdiction of the Illinois court.

" (2) An inquiry into the jurisdiction of the Illinois court does not violate the full faith and credit clause of the Federal Constitution.

" (3) Plaintiff cannot build rights upon the refusal of the Illinois court to vacate the judgment.

" (4) The rulings of the circuit court were violative of the fourteenth amendment of the Federal Constitution."

OSTRANDER, J. (*after stating the facts*).   There are really two points to be considered; the second point only if the first is answered unfavorably to plaintiff.   They are, first, whether, upon inspection of the record, it appears or may be presumed that the Illinois court had jurisdiction of the defendant; second, whether defendant is precluded, by the decision of the Illinois court upon its motion to vacate the judgment, from now contesting the fact that defendant was properly served with process.

No argument is required and no citation of authorities is necessary to support the proposition that the judgment of a foreign court when sued upon in the courts of this State is open to impeachment for want of jurisdiction of the foreign court.   The recital or assertion of jurisdiction, in the record of the judgment, is in this respect immaterial.   *Thompson* v. *Whitman*, 18 Wall. (U. S.) 457; *Old Wayne Mut. Life Ass'n* v. *McDonough*, 204 U. S. 8 (27

Sup. Ct. 236). See *Wilcox* v. *Kassick*, 2 Mich. 165; *People* v. *Dawell*, 25 Mich. 247 (12 Am. Rep. 260); *Reed* v. *Reed*, 52 Mich. 117 (17 N. W. 720, 50 Am. Rep. 247); *Copas* v. *Provision Co.*, 73 Mich. 541 (41 N. W. 690).

The act of Congress (Act May 26, 1790, 1 U. S. Stat. at Large 122), passed in pursuance of the Constitution of the United States, requires a general faith, validity, and credit to be given to them as evidence. Corporations, like individuals, are either residents or nonresidents of a State. A corporation is frequently domesticated for various purposes in States other than the one from which the corporate charter is received. Such domestication is usually upon conditions prescribed by statute, the general purpose of which is to place them upon the same footing with domestic corporations, and as nearly as may be with natural persons with respect to the jurisdiction of the courts.

We cannot take judicial notice of the statutes of Illinois, and therefore cannot, upon this record, determine whether a foreign corporation may do business in that State with or without complying with prescribed conditions, or determine whether defendant, whether it be a domestic or foreign corporation, was served with process in that State in accordance with the laws thereof. Certain presumptions may be indulged in support of the jurisdiction of the courts of a State in certain cases.

It is the general rule, and it applies to corporations, that, whenever it appears from inspection of the record of a court of general jurisdiction that the defendant, against whom a personal judgment or decree was rendered, was at the time of the alleged service without the territorial limits of the court's jurisdiction, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing jurisdiction is cast upon the party who invokes the benefit or the protection of the judgment or decree. 2 Black on Judgments, §§ 895, 896, 910; *Newell* v. *Railway Co.*, 19 Mich. 336.

It was held in *St. Clair* v. *Cox*, 106 U. S. 350 (1 Sup. Ct. 354), that the service of a summons upon an agent of a foreign corporation is not sufficient to give jurisdiction to a State court unless it appears in the record that the corporation is engaged in business in the State and the agent is appointed to act there; that, the transaction of business by the corporation in the State appearing, a certificate of service by the proper officer upon a person who is its agent there is sufficient *prima facie* evidence that the agent represented the corporation in the business, but that the corporation may, when the record is offered as evidence in another State, show that the agent stood in no such representative character to the company as to justify the service of the writ on him. See, also, *Cunningham* v. *Hydraulic Co.*, 18 Wash. 524 (52 Pac. 235); *Hazeltine* v. *Insurance Co.* (C. C.), 55 Fed. 743.

A corporation must be served with process through its agent. If subject to the jurisdiction of the State courts, and process is served upon it in accordance with the laws of the State, the judgment is, according to the general rule, binding upon it in the courts of other States. 2 Black on Judgments, § 907.

The record of the judgment describes defendant as R. M. Owen & Co., Incorporated, from which description it is to be inferred that it was, or was considered to be, a domestic corporation. It is said in the brief for appellant that this court should assume that defendant was a corporation organized under the laws of New York, and therefore a nonresident of Illinois, and thereupon apply the rule announced in *St. Clair* v. *Cox, supra*. Upon the other hand, the brief for plaintiff contains the answering statement:

" We have searched in vain through the record in this case for any testimony or offer to prove that defendant is a New York corporation."

But plaintiff alleges the fact in his declaration and the further fact that defendant has been authorized, since

1907, to do, and has been doing, business in Illinois, to wit, buying and selling automobiles and parts of automobiles. I think this court should indulge no presumptions of fact founded upon the unproved allegations in plaintiff's declaration, not admitted upon the trial to be true, for the purpose of aiding, or of contradicting, the record of the Illinois court. Apparently the defendant was sued as a domestic corporation, and there is nothing to the contrary in the record. Upon the face of the record it appears that defendant was lawfully served with process. It was not error to admit in evidence the record of the judgment. It was error to refuse defendant the right to introduce the offered testimony, unless the facts proposed to be shown were conclusively determined, adversely to defendant, by the decision of the Illinois court upon the motion to vacate the judgment.

The validity of the judgment was not aided by the second ruling of the court. The court either had or did not have jurisdiction to render the judgment. It acquired none by the special appearance and motion of the defendant.

The order made was interlocutory and did not preclude the court from considering a new or further motion to vacate the judgment. Defendant did not appeal from the ruling. See *Roach* v. *Privett*, 90 Ala. 391 (7 South. 808, 24 Am. St. Rep. 819). It must be held that the court was in error in refusing the offered testimony. *Wissler* v. *Herr*, 162 Pa. 552 (29 Atl. 862).

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and STEERE, McALVAY, BROOKE, and STONE, JJ., concurred. BLAIR and BIRD, JJ., did not sit.