FARROW v. RAILWAY CONDUCTORS' CO-OPERATIVE PRO-
TECTIVE ASSOCIATION.

1. JUDGMENT—FOREIGN JUDGMENTS—PROCESS—SERVICE ON AGENT.
    In an action on a foreign judgment rendered on a policy
        issued by a voluntary association that had transferred
        its insurance business to the defendant, evidence that
        the defendant had no agents in the sister State, that it
        had never applied for license to transact business there,
        and that the person served with process in the original
        cause was not an agent of defendant, and that it was
        not successor to the voluntary association and had never
        assumed the obligations thereof, sustained a judgment
        for defendant on the ground that the foreign court never
        acquired jurisdiction.

2. SAME—CORPORATIONS—FOREIGN COURTS.
    Whenever it is made to appear, on inspection of the record
        of a court of general jurisdiction, that the defendant in
        a judgment was, at the time of alleged service, without
        the jurisdiction of the court, and never entered a vol-
        untary appearance, the burden of showing jurisdiction

by virtue of valid service is cast on the party that invokes the benefit or protection of the judgment.

3. Constitutional Law—Full Faith and Credit—Judgments.

The constitutional requirement that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of other States does not prevent an inquiry into the jurisdiction of the court which rendered the judgment: even record recitals are not conclusive; oral testimony is competent to dispute the existence of such recited facts.

4. Judgment—Appearance—Special Appearance.

Appearing to object to the jurisdiction of the court is not a submission to the jurisdiction or a general appearance.

Error to Wayne; Van Zile, J. Submitted November 25, 1913. (Docket No. 36.) Decided March 26, 1914.

Assumpsit by Guy N. Farrow against the Railway Conductors' Co-operative Protective Association. Judgment for defendant. Plaintiff brings error. Affirmed.

*John E. Moloney* and *Frank W. Atkinson,* for appellant.

*McNamara & Scallen,* for appellee.

Ostrander, J. Plaintiff is a resident of the State of Washington; defendant is a Michigan corporation. Defendant's predecessor in business issued a policy to plaintiff in June, 1908, upon which suit was begun in the State of Washington, in the county of Spokane, in the superior court, in April, 1910. Such proceedings were had in that court and cause that on November 4, 1910, plaintiff recovered therein a judgment against defendant's predecessor in business for $500 damages and $50 costs. Upon that judgment, in July, 1911, this suit was begun in the circuit court for the county of Wayne, Mich., was tried by the court, and resulted in a judgment for defendant. The action is

assumpsit.  The issuing of the policy, the recovery of
the foreign judgment, and that, after the policy was
issued, the defendant took over all the assets and
assumed all of the liabilities of the original insurer
are facts alleged, as well as the fact that defendant
appeared in the foreign court and contested the suit
upon the merits.  The plea is the general issue.  From
the findings filed by the court, it appears that the
court disposed of the matter upon the grounds that
the transcript of the judgment of the Washington
court does not show that the court acquired jurisdic-
tion of the defendant, and that, in fact, it did not
acquire jurisdiction.

The transcript was admitted in evidence, the plain-
tiff rested, and the defendant offered testimony, in the
course of doing which defendant asked permission to
amend its plea by a notice that the jurisdiction of the
Washington court was questioned, and, over objec-
tion, was permitted to amend.  Whether a notice of
special defenses was actually framed, we are not in-
formed.  The cause proceeded as though defendant
had the right to attack the jurisdiction of the Wash-
ington court.  Plaintiff did not ask for a continuance.
The testimony for defendant tended to prove that
one A. D. Mars, upon whom service of process in
Washington appears by the transcript to have been
made, was not authorized by defendant to accept
service of process, and never acted for defendant in
any way, unless to recommend some person as a mem-
ber of defendant; that defendant never applied to do
business in Washington, and never had an agent in
the State soliciting business for defendant; that de-
fendant never has had, and has not now, any agents
soliciting business.

It appears from the transcript offered in evidence
that a complaint was verified April 20, 1910; that a
summons, without date, was issued, apparently by the

attorneys for plaintiff; and that proof of service of the complaint and summons was filed June 1, 1910, with the clerk. The return, in the form of an affidavit of one George H. Hale, is that:

"He personally served the said A. D. Mars, trustee and agent of Railway Conductors' Protective Association, the defendant, by delivering to said A. D. Mars, trustee and agent of said defendant corporation, a true copy of said summons and complaint."

The summons is addressed to the Railway Conductors' Protective Association, a corporation, and the complaint alleges that the defendant is a corporation organized and existing under and by virtue of the laws of the State of Michigan doing business in the city and county of Spokane, State of Washington. The oral testimony given in the case at bar, which is undisputed, is to the effect that defendant in the case at bar was not incorporated until September, 1910. Prior to that time, a voluntary association, named as in the action in the Washington court, was in existence, and it issued the policy in question to plaintiff. It is said by counsel for plaintiff that the defendant in the present suit was incorporated in 1909, and that the record is not in this respect accurate. However this may be, it is apparent that the defendant in the Washington court was not the defendant in this action, did not have the same name, and was not charged as the successor of, or as having assumed the liabilities of, the association which issued the policy.

We said in *Marshall* v. *R. M. Owen & Co* 171 Mich. 232, 238 (137 N. W. 204):

"It is the general rule, and it applies to corporations, that, whenever it appears from inspection of the record of a court of general jurisdiction that the defendant, against whom a personal judgment or decree was rendered, was at the time of the alleged service without the territorial limits of the court's jurisdiction, and thus beyond the reach of its process,

and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing jurisdiction is cast upon the party who invokes the benefit or the protection of the judgment or decree."

This is the rule in the State of Washington. *Cunningham* v. *Hydraulic Co.*, 18 Wash. 524 (52 Pac. 235). It would be precisely applicable here if the defendant in the Washington court was the defendant in the present suit. Here, as in the case of *Marshall* v. *R. M. Owen & Co.*, no proof was made of the law of the State in which the judgment sued upon was rendered; none, except as furnished by the transcript, that the defendant in that action ever did any business in that State. But, it is said, this defendant appeared specially in the Washington court, and submitted to the determination of the court the question of jurisdiction. Manifestly it could submit to that court no question of jurisdiction over this defendant. The transcript does not contain the plea to the jurisdiction, if one was filed, or the motion, if the question was raised by motion, or the ruling of the court. It does appear by a recital in the answer which was filed that defendant—

"Appearing further ın said action as required by the court in its order overruling defendant's motion to quash, heretofore made herein, reserves all its rights under the special appearance heretofore made, renews its objections to the jurisdiction of the court, as urged in said special appearance, and answers as follows."

The answer is to the merits. There was reply to the answer and a trial, at the conclusion of which special findings of fact and law were made by the court, including one that defendant was doing business as such corporation, at all times in the complaint mentioned, in the city and county of Spokane, State of Washington, and the one that—

"At all times mentioned in the complaint, and since, in the month of April, 1908, A. D. Mars has been, was, and now is the duly authorized and acting agent of the defendant corporation, for the purpose of soliciting insurance, accepting applications for insurance, passing upon the said application, approving the same, accepting money therefor, * * * accepting the dues, and was at all times the general agent of said defendant corporation, and the only agent in the county of Spokane, * * * with full authority to do any and all things necessary to carry out his position as general agent."

There was no appeal from the judgment of the Washington court. It does not appear that on the trial of the pending cause the point was made that the defendant in the Washington court was not the defendant in this action. The attention of counsel has since been called to the matter. Determining the errors assigned in accordance with the theory upon which the cause was tried, the judgment of the circuit court must be affirmed.

The requirement that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State does not prevent inquiry into the jurisdiction of the court in which the original judgment was rendered to pronounce the judgment. *Thompson* v. *Whitman*, 18 Wall. (U. S.) 457, and even record recitals of jurisdictional facts do not preclude oral testimony as to the existence of those facts. *Knowles* v. *Coke Co.*, 19 Wall. (U. S.) 58, 61; *Pennoyer* v. *Neff*, 95 U. S. 714, 730; *Cooper* v. *Newell*, 173 U. S. 555, 566 (19 Sup. Ct. 506); *Brown* v. *Fletcher's Estate*, 210 U. S. 82, 88 (28 Sup. Ct. 702). It is the rule in this, and probably in every jurisdiction, unless changed by statute, that appearing to object to the jurisdiction is not, upon an adverse judgment being rendered, a submission to jurisdiction, or an appearance generally.

The trial court has found, upon testimony tending

to prove the fact, that the Washington court did not acquire jurisdiction of defendant, which was the question presented to it for determination.

The judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.