COX v. RAILWAY CONDUCTORS' CO-OPERATIVE PROTECT-
IVE ASS'N.

1. JUDGMENT—FOREIGN JUDGMENT.

In a suit in this State based upon a foreign judgment, the
jurisdiction of the foreign court to render said judgment
is open to attack.

2. FOREIGN CORPORATIONS—INSURANCE—DOING BUSINESS WITHOUT
AUTHORITY.

If defendant, a Michigan insurance company, voluntarily
did business in Missouri, it voluntarily submitted itself
and became amenable to the laws of that State, although
it had neglected or refused to domesticate there with
authority to openly do business on a par with home in-
surance companies.

3. APPEAL AND ERROR—DISPUTED QUESTION—EVIDENCE—DIRECTED
VERDICT.

In reviewing a directed verdict in the court below in favor
of defendant, this court will only be concerned as to
whether there was any evidence tending to support plain-
tiff's contention.

4. PRINCIPAL AND AGENT—PROCESS—QUESTION FOR JURY.

As to whether the person who took plaintiff's application
for insurance in a foreign State and forwarded it to de-
fendant in Michigan was in fact defendant's agent, as de-
fined and in the particulars specified in the laws of that
State, upon whom process might be served, was, under
conflicting testimony, a question for the jury.

Error to Wayne; Van Zile, J. Submitted June 16,
1916. (Docket No. 80.) Decided December 22, 1916.

Assumpsit by Samuel P. Cox against the Railway
Conductors' Co-operative Protective Association for
the amount of a judgment rendered in a Missouri court.
Judgment for defendant on a directed verdict. Plain-
tiff brings error. Reversed.

*Lewis A. Stoneman,* for appellant.

*McNamara & Scallen,* for appellee.

STEERE, J. This action was commenced December 11, 1914, in the circuit court for Wayne county to recover a claim for $680.60, based upon a judgment for that amount rendered in favor of plaintiff and against defendant in the circuit court for Grundy county, Mo., on October 7, 1914. The judgment here appealed from was rendered for defendant upon a directed verdict, on the ground that the Missouri court was without jurisdiction to render the judgment relied upon because no valid service of process from that court was ever made upon defendant; the person upon whom service was attempted not being its authorized agent.

Plaintiff was a resident of Kansas City, State of Missouri, and a conductor on the Chicago, Rock Island & Pacific Railroad. Defendant was, and is, a Michigan corporation organized in 1909, having its office and principal place of business in Detroit, Mich., engaged in insuring, so far as material here, to a specified amount according to age of policy, railway conductors and engineers in various States against loss by reason of discharge from their employment. Defendant had not qualified under the laws of Missouri relative to foreign corporations desiring to operate in that State, had obtained no license from the State commissioner of insurance, filed with him no appointment of any person upon whom process might be served, and was not authorized to do business in that State. It did, however, issue policies to residents of that State, and in January, 1911, issued to plaintiff the policy over which this litigation arose. Carl A. Guile, a railroad conductor residing at Trenton, Grundy county, Mo., where a "lodge" of the association was located, accepted his application, received from him the fees

therefor and dues for the first month, indorsed his approval upon the application, sent it to defendant's secretary in Detroit, and later delivered the policy to plaintiff at Trenton, Mo. Thereafter plaintiff paid the regular monthly dues to defendant until discharged by his employer, in October, 1913, when he sought an adjustment under the terms of his policy according to the by-laws of the association and subsequently presented his claim for payment to defendant in Detroit through his attorney, which was refused, and he thereafter brought an action in Grundy county to recover the same, service of process being made upon Guile as agent of defendant, which resulted in the judgment upon which this action is based. When process was served upon Guile, he notified defendant of the fact and received a letter from W. J. Ross, its secretary and treasurer. Defendant did not appear in that case, and judgment was taken against it by default, upon testimony introduced by plaintiff. A duly authenticated transcript of said judgment was introduced in evidence in the instant case, and proper proof made of the laws of that State relating to the subject under inquiry. Defendant had given special notice, under its plea claiming the alleged judgment was void for want of jurisdiction, that no valid service of process in that case had ever been made upon it, and that it never had an agent or any other person authorized to receive or accept service for it in the State of Missouri. Testimony was introduced upon that subject, and the court sustained defendant's contention, directing a verdict in its favor as before stated.

Plaintiff's assignments of error relate to rulings of the court in the admission and rejection of testimony and refusal of the court to submit certain claimed issues of fact, and especially the question of Guile's agency, to the jury.

Defendant's counsel cite and rely upon *Farrow* v.

*Protective Ass'n,* 178 Mich. 639 (146 N. W. 147), and assert "that case is entirely on all fours with the present case." It is true that case is in many aspects very similar to the present one. It is an action brought against this defendant, in this State, based on a foreign judgment rendered in the State of Washington in favor of a resident policy holder there. The question at issue was the jurisdiction of the foreign court to render the judgment sued upon. The record evidence and defendant's testimony were closely analogous to that produced here, with the marked exceptions that there no proof was made of the law of the State in which the judgment sued upon was rendered; the defendant in the Michigan court was not the defendant in the Washington court, did not have the same name, was not charged as the successor nor as having assumed the liability of the association which issued the policy, was not shown to have been engaged in business in that State; and its testimony, that the party upon whom process was served was not its agent nor authorized to accept service for it, and that it never had an agent in the State of Washington, was undisputed. Under such absence of proof essential to show jurisdiction, and undisputed testimony to the negative, the finding of the trial court that the Washington court did not acquire jurisdiction was sustained. Here the laws of Missouri are proven, this defendant is the defendant against whom the judgment was taken there, and not only the findings of the court set out in the transcript of judgment but the oral affirmative testimony introduced by plaintiff contradict defendant's testimony that it was not doing business in Missouri and that Guile, upon whom process was served, was not defendant's agent in that State.

The *Farrow Case,* and also *Marshall* v. *Owen & Co.,* 171 Mich. 232 (137 N. W. 204), in which it was held error to refuse testimony offered to show that the per-

son served was not defendant's agent, are however, helpful cases here, as they discuss with citation of authorities the established rules of law relative to actions upon foreign judgments and the permissible proof to sustain or impeach them. Under the well-settled doctrine reaffirmed in those cases, it cannot be doubted that the foreign judgment involved in the instant case was open to attack by the defense for want of jurisdiction in the Missouri court. The question here is whether, as the trial court held, it was successfully and conclusively impeached as a matter of law, beyond any issue of fact for a jury to decide. The issues raised in that inquiry were whether defendant was doing business in Missouri and Guile was its agent upon whom service of process could be made to give the court of that State jurisdiction.

It is conceded that defendant was a foreign corporation, never domesticated or authorized to do business in that State. That it wrote insurance for and issued policies to residents of that State is undisputed. The laws of Missouri relative to foreign insurance companies transacting business in that State are in their essential features generally analogous to those of this State and need not be dwelt upon.

As bearing upon the question of agency, section 7052, 2 Rev. Stat. Mo. 1909, is in part as follows:

" '*Agent,*' *Defined—Liabilities.*—Any person or persons in this State who shall receipt for any money on account of or for any contract of insurance made by him or them for any insurance company or association not at the time authorized to do business in this State, or who shall receive or receipt for any money from others persons, to be transmitted to * * * such insurance company or association, either in or out of this State, for a policy or policies of insurance issued by such company or association, or for any renewal thereof, although the same may not be required by him of (or) them as agents, or who shall make or cause to be made, directly or indirectly, any contract of

insurance for such company or association, shall be deemed to all intents and purposes an agent of such company or association, and shall be subject to all the provisions and regulations and liable to all the penalties provided and fixed by this chapter. * * *"

Touching service of process "on persons and foreign corporations," section 1760, 1 Rev. Stat. Mo. 1909, provides in part as follows:

"A summons shall be executed, except as otherwise provided by law, either: *First*, * * * *Fourth*, where defendant is a corporation or joint stock company, organized under the laws of any other State or Country, and having an office or doing business in this State, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained, and when had in conformity with this subdivision, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it. * * *"

Section 7042 provides the manner of serving process upon foreign insurance companies authorized to do business in the State, and section 7044 that:

"Service of summons in any action against an insurance company, not incorporated under and by virtue of the laws of this State, and not authorized to do business in this State by the superintendent of insurance, shall, in addition to the mode prescribed in section 7042, be valid and legal and of the same force and effect as personal service on a private individual, if made by delivering a copy of the summons and complaint to any person within this State who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collect or receive any premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either."

This section is number 7992 of the Mo. Rev. Stat.

of 1899 and was sustained as valid legislation in *Commercial Mut. Accident Co.* v. *Davis,* 213 U. S. 245 (29 Sup. Ct. 445).

If defendant voluntarily did business in Missouri, it voluntarily submitted itself and became amenable to the laws of that State, although it had neglected or refused to domesticate there with authority to openly do business on a par with home insurance companies. *State* v. *Accident Ass'n,* 67 Wis. 624 (31 N. W. 229); *Hagerman* v. *Empire Slate Co.,* 97 Pa. 534; *Funk* v. *Insurance Co.,* 27 Fed. 336.

The duly authenticated transcript shows that the case was heard and judgment rendered October 7, 1914, on the ninth day of a regular term of the circuit court of Grundy county, Mo., held at the courthouse in the city of Trenton in said county; that, after the case was regularly called on to be heard, the court proceeded to consider "the petition, the copy of the policy of insurance filed therewith, the return of the sheriff, and the evidence introduced by plaintiff and his witnesses." A full finding of facts is contained in the judgment, preceding the final, formal adjudication, containing a statement of found facts and acts amply adequate to sustain the court's jurisdiction under Missouri laws.

That these record recitals of jurisdictional facts were nowise conclusive and open to inquiry is not, and was not in the trial court, questioned. Both sides introduced oral testimony as to the existence or non-existence of those facts. It appeared from plaintiff's testimony that he became a policy holder of defendant at the solicitation of Guile, paying him $2 at the time application therefor was signed and $3 when the policy was delivered to him by Guile, about 30 days later; that Guile forwarded the application and handled all the business, no communication whatever being received by plaintiff from the home office except the

monthly bulletin, sent him after he became a member; that the soliciting by Guile, payments to him and delivery of the policy by him all occurred at Trenton, Mo.; and in discussing the matter Guile stated he received a commission for his services. Plaintiff further testified against objections, which were ultimately sustained and the testimony "refused," that he had "lots of times" heard Guile solicit other persons, some of whom he named, to become members of this association, and personally knew of him taking applications for policies from various parties named. Guile himself, who was a witness for defendant, admitted taking, approving, and forwarding to defendant's secretary in Detroit plaintiff's application and others, receiving from them the first payment thereon, saying in part:

"I don't know that I ever asked any one to take one out. * * * After these applications were signed and approved by me, I told you I mailed them to W. J. Ross, secretary and treasurer of the defendant. I got $1 for part of them and $3 for part of them. * * * The association had other blanks beside those attached to the bulletin. I think I had some of them mailed to me once or twice. They also sent me other literature and advertising matter. * * * Relative to the payment of other members' dues on applications that I took, I generally sent it all and left the part that was coming to me go on my dues. The commission that was coming to me was by my direction credited on my dues to the company."

That testimony of this character is substantive evidence of agency, even in the absence of any such defining statute as obtained in Missouri, is held in the case of *Vorheis* v. *Benefit Society*, 86 Mich. 31 (48 N. W. 1087), where defendant by a plea in abatement sought immunity from Michigan courts on substantially the same grounds as urged here. An examination of the testimony in the original record of that case does not disclose that the party served with pro-

cess, who denied any connection with the defendant and claimed to have been acting at the request of a relative, ever solicited insurance for defendant or received from it compensation for her services. It is said in the opinion:

"We have carefully examined the testimony in the case, and are satisfied that there was evidence tending to show that Donna M. Eldred was, at the time the service was made, acting as the agent of the defendant in receiving pay for assessments, and giving the receipts of the company for such payments. The receipts were not signed by her as agent, but they were sent to her by the company, and she delivered them."

This is unlike an action against a natural person who can be directly served. It involves no question of substituted service, as distinguished from personal service on an individual. Defendant has but an artificial personality by reason of its corporate existence visible only in its officers and agents, and personal service of process can only be made upon it by serving some natural person who represents it in some agency capacity. The question here upon that point is whether Guile, upon whom process against defendant was personally served as its agent, was in fact an agent of and representing defendant in its business in Missouri, as defined and in the particulars specified, in the laws of that State. Conflicting testimony has been introduced by the respective parties upon that question, and as to it this court is only concerned with whether there is any evidence in the record tending to show agency. We are satisfied there is, and that plaintiff was entitled to have the case submitted to the jury under proper instructions upon the issues raised, as before indicated.

The judgment is therefore reversed, with costs, and a new trial granted.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, BROOKE, and PERSON, JJ., concurred.