[No. 22006. Department Two. April 9, 1930.]

AMERICAN DISCOUNT CORPORATION, *Appellant,* v. H. B. GERRARD *et al., Defendants,* INDIA TIRE & RUBBER COMPANY *et al., Respondents.*[1]

*Leopold M. Stern* and *D. D. Mote,* for appellant.

*Frank E. Boyle, George F. Hannan* and *Neal & Bonneville,* for respondents.

MAIN, J.—This is an appeal from an order vacating a judgment against a garnishee defendant and quashing a writ of garnishment based upon that judgment. August 19, 1927, the American Discount Corporation brought an action against H. B. Gerrard and wife upon a promissory note. After the action was instituted, a writ of garnishment was issued and served upon the secretary of state as the statutory agent of the India Tire & Rubber Company of Mogadore, Ohio, an Ohio corporation. The affidavit for the writ recited:

[1]Reported in 286 Pac. 666.

". . . that the India Tire & Rubber Company of Mogadore, Ohio, an Ohio corporation authorized to transact business within the state of Washington and which corporation has constituted and appointed J. Grant Hinkle, secretary of state of the state of Washington, as its resident and statutory agent within the state of Washington,"

was indebted to the principal defendants in the action. The sheriff's return of the service of the writ recites:

"I duly served the same on the India Tire & Rubber Co. of Mogadore, Ohio, by delivering to and leaving with J. Grant Hinkle, secretary of state, as statutory agent of said defendant personally in said Thurston county a copy of said writ of garnishment."

September 13, 1927, judgment was taken against the principal defendants upon the note by default, and a judgment was taken against the garnishee defendant for failure to answer the writ of garnishment in the sum of $566.80, with interest and costs. September 26, 1928, a writ of garnishment was served upon Wilkeson, Inc., a corporation, as garnishee defendant, upon the judgment against the India Tire & Rubber Company of Mogadore, Ohio. The Wilkeson corporation answered the writ, stating that the corporation to which it was indebted was the India Tire & Rubber Company organized under the laws of the state of West Virginia, and moved that the writ be discharged.

At the same time, the India Tire & Rubber Company of Mogadore, Ohio, the West Virginia corporation, filed a special appearance and challenged the jurisdiction of the court in the judgment which had been rendered against it as garnishee defendant. A hearing was had and the trial court entered a judgment sustaining the special appearance of the India Tire & Rubber Company organized under the laws of West Virginia, and set aside the judgment against it on the

ground of lack of jurisdiction and quashed the writ against the Wilkeson corporation, from which judgment the American Discount Company, the plaintiff in the original action, appeals.

The secretary of state was the statutory agent of the India Tire & Rubber Company doing business at Mogadore, Ohio, and organized under the laws of the state of West Virginia. He was not the statutory agent of a corporation by the same name organized under the laws of the state of Ohio. From the excerpt from the affidavit above quoted upon which the writ of garnishment was issued, and from the return of service made by the sheriff of Thurston county, it appears that the writ was sought against the India Tire & Rubber Company, a corporation organized under the laws of the state of Ohio, and was served upon the secretary of state as the statutory agent of that corporation. The India Tire & Rubber Company organized under the laws of the state of West Virginia being a foreign corporation, and judgment having been taken against it by default, the jurisdiction to enter such judgment must affirmatively appear from the judgment roll. *Cunningham v. Spokane Hydraulic Co.,* 18 Wash. 524, 52 Pac. 235.

In the present case the judgment roll does not affirmatively show jurisdiction, but, on the other hand, shows lack of jurisdiction, as the writ of garnishment was not served upon the secretary of state as the statutory agent of the India Tire & Rubber Company organized under the laws of West Virginia. The service of the writ upon the secretary of state as the statutory agent of the India Tire & Rubber Company organized under the laws of the state of Ohio, of which he was not the statutory agent, did not confer jurisdiction. The judgment against the garnishee defendant being void because of lack of jurisdiction, it was properly set aside.

274

*Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446. The judgment being set aside, the writ of garnishment served upon the Wilkeson corporation based upon that judgment must also fail.

The judgment appealed from will be affirmed.

MITCHELL, C. J., FRENCH, and FULLERTON, JJ., concur.